Affirmed by published opinions. Judge LUTTIG wrote an opinion concurring in the judgment. Judge WILKINS wrote an opinion concurring in the judgment. Senior Judge PHILLIPS wrote and opinion concurring in the judgment in part and dissenting in part.
JUDGEMENT
In accordance with the written opinions of this Court filed this day, the Court affirms the judgment of the district court.
LUTTIG, Circuit Judge, concurring in judgment:
Appellant-plaintiff Robert Lee Brock appeals the summary judgment dismissal of Ms § 1983 claim against appellee-defendant Lt. Joan E. Carroll. For the reasons stated herein, I would affirm the judgment of the district court.
I.
On November 7, 1994, Brock, an inmate at the Indian Creek Correctional Center (“ICCC”), filed a pro se complaint against Carroll, an employee of ICCC. Nowhere in his complaint did Brock set forth the legal basis for his claim.[1] Brock did, however, allege that he “bought a pipe [at the] canteen,” that he “extended it in order to make a prayer pipe,” that it was “taken [from him] as contraband,” and that “both [Carroll] and the [assistant] warden refusefd] to let [him] have it.” J.A. at 8. Brock then stated in his complaint that he was seeMng relief of “$27 million for [the] denial of religious materials.” J.A at 9.
Apparently, Brock had purchased an ordinary pipe from the prison canteen, and then altered it to create a “prayer pipe.” Carroll, upon discovering the altered pipe, confiscated it pursuant to prison regulations. Prison regulations proMbit inmates from possessing “contraband,” wMch is defined as “state and/or personal property, regardless of how acquired, wMch has been modified or altered without written authorization.” J.A. at 125 (Division Operating Procedure 861). Since Brock had altered the pipe without written authorization, it fell within this defmition of “contraband.”
The district court treated Brock’s complaint as a claim under the Free Exercise Clause of the First Amendment. The district court then granted Carroll summary judgment on Brock’s Free Exercise claim. Brock appeals, claiming, first, that the district court erred in failing to address Ms claim under the Religious Freedom Restoration Act (“RFRA”), 42 U.S.C. § 2000bb et seq., and, second, that the district court erred m denying Brock’s claim under the Free Exercise Clause of the First Amendment.
II.
Brock argues that the district court erred in addressing his claim under the Free Exercise Clause, but not under RFRA. I disagree.
Nowhere m Ms complaint did Brock allege a claim under RFRA, and, under our recent decision in Cochran v. Morris, the district court was under no obligation to construct such a claim sua sponte. 73 F.3d 1310 (4th Cir.1996).
In Cochran, the district court dismissed a pro se complaint brought by Derniis Wayne Cochran, an inmate, wherein Cochran alleged that he was demed a kosher diet by the prison. Id. at 1314. The district court addressed Cochran’s claim under the Free Exercise Clause, but not under RFRA, id. at 1314-15, even though RFRA had been enacted two weeks before the district court decided the case.[2] The district court then rejected a Fed.R.Civ.P. 60(b) post-judgment motion filed by Cochran which specifically cited RFRA as a ground for postjudgment relief. Id. at 1315. Notwithstanding, we affirmed the district court, specifically noting that the plaintiff “did not allege a violation of RFRA in Ms complaint.” Id. at 1317 n. 3. Nowhere in Cochran did we even suggest that the district court was obliged to address sua sponte Cochran’s claim under RFRA.
Brock’s attempt to distingmsh Cochran on its facts is unavailing. Brock argues that, unlike the plaintiff in Cochran, he was provided by the district court with a standard complaint form that specifically instructed him not to “cite any cases or statutes” in his complaint. J.A at 8. However, whatever purposes the complaint form might serve, it does not, as Cochran confirms, create upon the district court an obligation to sua sponte raise and address any and every claim that *-1333 might arguably be presented by the facts as presented.
Brock’s argument that under Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), the district court was required to address his claim under RFRA, also must fail. In Gordon, we stated only that the district court was required to carefully examine a pro se complaint to determine whether it alleged any “constitutional deprivations.” Even assuming that Carroll’s actions violated Brock’s rights under RFRA such violation would not amount to a deprivation of Brock’s constitutional rights. Rather, RFRA provides Brock with a statutory cause of action independent of his rights under the Constitution.
Finally, Brock’s contention that, under Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir.1975), the district court erred in not notifying Brock that his failure to allege a RFRA violation would result in his forfeiting of that claim, is wholly without merit. In Roseboro, we held merely that, before a district court granted summary judgment against a pro se plaintiff, the district court was obliged to notify the plaintiff of the requirements of the summary judgment rule. Id. at 310. We have never held that a district court is obliged to apprise plaintiffs of statutory causes of action of which they are not aware. Obviously, were we to do so, we would come dangerously close to requiring “district courts to assume the role of advocate for the pro se plaintiff,” Gordon, 574 F.2d at 1151. This I am unwilling to do.
III.
The district court also did not err in denying Brock’s claim under the Free Exercise Clause of the First Amendment. Although there is some dispute over whether an inmate’s Free Exercise rights continue to be governed by O’Lone v. Estate of Shabazz, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987), or are now governed by the Supreme Court’s more recent decision in Employment Division v. Smith, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990), we need not resolve this dispute because, under either of the two cases, Brock’s Free Exercise claim fails.
Prior to the Supreme Court’s decision in Smith, an inmate’s Free Exercise claims were governed by the “reasonableness” test set forth in O’Lone. Under O’Lone, if “a prison regulation impinges on inmates’ constitutional rights, [then] the regulation is valid if it is reasonably related to legitimate penological interests.” 482 U.S. at 349, 107 S.Ct. at 2404. Here, the prison has a legitimate penological interest in security, and the prison’s regulation prohibiting “contraband” is reasonably related to that interest. In order to maintain prison security, prisons may prevent inmates from possessing unapproved items, including approved items that have been altered from the form in which they existed at the time of approval. The prison’s general regulation prohibiting inmates from possessing any “contraband” reasonably promotes this security interest.
However, the “reasonableness” test set forth in O’Lone has arguably been displaced by the Supreme Court’s more recent decision in Employment Division v. Smith, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876. Although Smith did not address the prison context, it did purport to state a general rule governing Free Exercise claims. In Smith, the Supreme Court held that if a law is neutral and of general applicability, then it cannot violate an individual’s Free Exercise rights regardless of its reasonableness even •if it has the incidental effect of burdening the individual’s practice of religion. See also Church of Lukumi Babalu Aye v. City of Hialeah, 508 U.S. 520, 531, 113 S.Ct. 2217, 2225-26, 124 L.Ed.2d 472 (1993). The prison’s regulation prohibiting all “contraband” is just such a neutral law of general applicability. Therefore, under Smith, the regulation does not violate Brock’s Free Exercise rights despite the fact that it might incidentally impair his ability to practice his religion.[3]
*-1332 I would affirm the judgment of the district court.
WILKINS, Circuit Judge, concurring in judgment:
I agree with Judge Luttig’s conclusion that the judgment of the district court in favor of the prison officials should be affirmed. I do so, however, on a different ground.
With respect to Brock’s claim that the prison officials violated his right to free exercise of religion protected by the First Amendment, the Supreme Court has held that “[i]t is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants’ interpretations of those creeds.” Hernandez v. Commissioner, 490 U.S. 680, 699, 109 S.Ct. 2136, 2148, 104 L.Ed.2d 766 (1989). Therefore, in determining whether the actions complained of burdened the plain tiffs exercise of religion, the inquiry must first focus on “whether the beliefs professed by [the plaintiff] are sincerely held and whether they are, in his own scheme of things, religious.” United States v. Seeger, 380 U.S. 163, 185, 85 S.Ct. 850, 863, 13 L.Ed.2d 733 (1965).
The only “evidence” properly submitted by Brock in opposition to summary judgment was his verified complaint. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991) (explaining that “a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge”). Brock’s verified complaint stated:
(1) I bought a pipe on canteen. I extended it in order to make a prayer pipe[J (2) [I]t was taken as contraband^] when I explained it, the charges against me were dropped. (3) Both the Lt[J and the asst[J warden refuse to let me have it.
J.A. 8. The additional materials Brock submitted were not properly considered in opposition to the motion for summary judgment because they amounted only to inadmissible hearsay. See Maryland Highways Contractors Ass’n v. Maryland, 933 F.2d 1246, 1251 (4th Cir.1991) (“[S]everal circuits, including the Fourth Circuit, have stated that hearsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment.”). Brock’s verified complaint simply is inadequate to permit a rational factfin-der to conclude that the confiscation of the pipe foreclosed Brock from engaging in religiously motivated conduct because he held a sincere religious belief that he must use a certain type of prayer pipe in his religious ceremonies. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986) (holding that evidence is insufficient to avoid summary judgment unless it would permit a jury to return a verdict for the nonmoving party). In reaching this conclusion, I do not question the sincerity of Brock’s religious beliefs, but merely recognize that the evidence he submitted was insufficient to justify a conclusion that any religious belief or conduct was at issue.
A claim under the Religious Freedom Restoration Act fails for the same reason: Brock’s evidence is insufficient to permit a rational trier of fact to conclude that the confiscation of his pipe constituted a substantial burden on his exercise of religion. See 42 U.S.C.A. § 2000bb 1 (West 1994) (“Government shall not substantially burden a person’s exercise of religion_”). Therefore, I would affirm the district court based on Brock’s failure to submit sufficient evidence in opposition to the prison officials’ motion for summary judgment.*

. The standard complaint form that the District Court for the Western District of Virginia provided to Brock instructed him to “not give any legal arguments or cite any cases or statutes" in his complaint. J.A. at 8.

. President Clinton signed RFRA into law on November 16, 1993, and the district court dismissed Cochran’s claim on December 2, 1993.

. Brock apparently claims that Carroll also violated his Free Exercise rights by refusing to allow him to purchase a prayer pipe after she confiscated the one that he had made. However, neither this claim nor the facts underlying it appear anywhere in Brock’s complaint, but, rather, appear only in the voluminous papers that Brock filed with the district court (in violation of Fed.R.Civ.P. 5) after he filed his complaint. The district court certainly did not err in failing to *-1332 independently discover this claim among Brock’s numerous pleadings. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985) ("Principles requiring generous construction of pro se complaints ... [do not] require ... courts to consider questions never squarely presented to them.").
* Because the prison officials' motion did not assert the insincerity of Brock's religious beliefs as a reason for summary judgment, Judge Phillips writes that remand is appropriate to permit Brock another opportunity to submit evidence in opposition to summary judgment. I disagree. In order to avoid the entry of summary judgment, Brock was required to demonstrate through "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits” that there was a genuine issue of material fact on each element on which he would carry the burden of proof at trial. E.g., Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, *-1331 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (“[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.”). Brock simply failed to carry this burden. Moreover, it is clear from the large volume of materials Brock submitted in opposition to the prison officials' motion for summary judgment— some of which are relevant to the question of whether the confiscation of his pipe constituted a . substantial burden on conduct motivated by a sincere religious belief — that he intended to submit all the evidence he possessed relating to the confiscation of his pipe. However, Brock did not proffer those materials in a way that permitted the court to consider them for summary judgment purposes. There is no reason to suppose that if Brock had been given specific notice of an additional basis for summary judgment, he would have submitted these, or any other, materials in proper form. Indeed, Brock fails to point to any additional evidence he would have submitted if he had been given specific notice of this argument.