107 F.3d 241
 Robert Lee BROCK, Plaintiff-Appellant,
United States of America, Intervenor,
v.
Lieutenant CARROLL; Mrs. Clark, Counselor, Powhatan
Correctional Center; Warden, Powhatan
Correctional Center, Defendants-Appellees,
and
Doctor Dixon, Powhatan Correctional Center; Doctor Barnes,
Defendants.
 No. 95-7081.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 28, 1996.
Decided Feb. 19, 1997.
 
 ARGUED: Mary Lee Clark, Appellate Litigation Clinical Program, Georgetown University Law Center, Washington, D.C., for Plaintiff-Appellant. Mark Ralph Davis, Senior Assistant Attorney General, Office of the Attorney General, Richmond, VA, for Defendants-Appellees. Patricia Ann Millett, Appellate Staff, Civil Division, United States Department of Justice, Washington, D.C., for Intervenor. ON BRIEF: Steven H. Goldblatt, Director, Ellen R. Finn, Supervising Attorney, Eliana D. Dolgoff, Student Counsel, Kendra M. Matthews, Student Counsel, Appellate Litigation Clinical Program, Georgetown University Law Center, Washington, D.C., for Plaintiff-Appellant. James S. Gilmore, III, Attorney General, Alexander L. Taylor, Jr., Assistant Attorney General, Susan C. Alexander, Assistant Attorney General, Office of the Attorney General, Richmond, VA, for Defendants-Appellees. Frank W. Hunger, Assistant Attorney General, Robert P. Crouch, Jr., United States Attorney, Michael Jay Singer, Appellate Staff, Civil Division, United States Department of Justice, Washington, D.C., for Intervenor.
 Before WILKINS and LUTTIG, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 
 
 1
 Affirmed by published opinions. Judge LUTTIG wrote an opinion concurring in the judgment. Judge WILKINS wrote an opinion concurring in the judgment. Senior Judge PHILLIPS wrote and opinion concurring in the judgment in part and dissenting in part.
 
 JUDGEMENT
 
 2
 In accordance with the written opinions of this Court filed this day, the Court affirms the judgment of the district court.
 
 LUTTIG, Circuit Judge, concurring in judgment:
 
 3
 Appellant-plaintiff Robert Lee Brock appeals the summary judgment dismissal of his § 1983 claim against appellee-defendant Lt. Joan E. Carroll. For the reasons stated herein, I would affirm the judgment of the district court.
 
 I.
 
 4
 On November 7, 1994, Brock, an inmate at the Indian Creek Correctional Center ("ICCC"), filed a pro se complaint against Carroll, an employee of ICCC. Nowhere in his complaint did Brock set forth the legal basis for his claim.[1] Brock did, however, allege that he "bought a pipe [at the] canteen," that he "extended it in order to make a prayer pipe," that it was "taken [from him] as contraband," and that "both [Carroll] and the [assistant] warden refuse[d] to let [him] have it." J.A. at 8. Brock then stated in his complaint that he was seeking relief of "$27 million for [the] denial of religious materials." J.A. at 9.
 
 
 5
 Apparently, Brock had purchased an ordinary pipe from the prison canteen, and then altered it to create a "prayer pipe." Carroll, upon discovering the altered pipe, confiscated it pursuant to prison regulations. Prison regulations prohibit inmates from possessing "contraband," which is defined as "state and/or personal property, regardless of how acquired, which has been modified or altered without written authorization." J.A. at 125 (Division Operating Procedure 861). Since Brock had altered the pipe without written authorization, it fell within this definition of "contraband."
 
 
 6
 The district court treated Brock's complaint as a claim under the Free Exercise Clause of the First Amendment. The district court then granted Carroll summary judgment on Brock's Free Exercise claim. Brock appeals, claiming, first, that the district court erred in failing to address his claim under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb et seq., and, second, that the district court erred in denying Brock's claim under the Free Exercise Clause of the First Amendment.
 
 II.
 
 7
 Brock argues that the district court erred in addressing his claim under the Free Exercise Clause, but not under RFRA. I disagree.
 
 
 8
 Nowhere in his complaint did Brock allege a claim under RFRA, and, under our recent decision in Cochran v. Morris, the district court was under no obligation to construct such a claim sua sponte. 73 F.3d 1310 (4th Cir.1996).
 
 
 9
 In Cochran, the district court dismissed a pro se complaint brought by Dennis Wayne Cochran, an inmate, wherein Cochran alleged that he was denied a kosher diet by the prison. Id. at 1314. The district court addressed Cochran's claim under the Free Exercise Clause, but not under RFRA, id. at 1314-15, even though RFRA had been enacted two weeks before the district court decided the case.[2] The district court then rejected a Fed.R.Civ.P. 60(b) post-judgment motion filed by Cochran which specifically cited RFRA as a ground for postjudgment relief. Id. at 1315. Notwithstanding, we affirmed the district court, specifically noting that the plaintiff "did not allege a violation of RFRA in his complaint." Id. at 1317 n. 3. Nowhere in Cochran did we even suggest that the district court was obliged to address sua sponte Cochran's claim under RFRA.
 
 
 10
 Brock's attempt to distinguish Cochran on its facts is unavailing. Brock argues that, unlike the plaintiff in Cochran, he was provided by the district court with a standard complaint form that specifically instructed him not to "cite any cases or statutes" in his complaint. J.A. at 8. However, whatever purposes the complaint form might serve, it does not, as Cochran confirms, create upon the district court an obligation to sua sponte raise and address any and every claim that might arguably be presented by the facts as presented.
 
 
 11
 Brock's argument that under Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), the district court was required to address his claim under RFRA, also must fail. In Gordon, we stated only that the district court was required to carefully examine a pro se complaint to determine whether it alleged any "constitutional deprivations." Even assuming that Carroll's actions violated Brock's rights under RFRA, such violation would not amount to a deprivation of Brock's constitutional rights. Rather, RFRA provides Brock with a statutory cause of action independent of his rights under the Constitution.
 
 
 12
 Finally, Brock's contention that, under Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir.1975), the district court erred in not notifying Brock that his failure to allege a RFRA violation would result in his forfeiting of that claim, is wholly without merit. In Roseboro, we held merely that, before a district court granted summary judgment against a pro se plaintiff, the district court was obliged to notify the plaintiff of the requirements of the summary judgment rule. Id. at 310. We have never held that a district court is obliged to apprise plaintiffs of statutory causes of action of which they are not aware. Obviously, were we to do so, we would come dangerously close to requiring "district courts to assume the role of advocate for the pro se plaintiff," Gordon, 574 F.2d at 1151. This I am unwilling to do.
 
 III.
 
 13
 The district court also did not err in denying Brock's claim under the Free Exercise Clause of the First Amendment. Although there is some dispute over whether an inmate's Free Exercise rights continue to be governed by O'Lone v. Estate of Shabazz, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987), or are now governed by the Supreme Court's more recent decision in Employment Division v. Smith, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990), we need not resolve this dispute because, under either of the two cases, Brock's Free Exercise claim fails.
 
 
 14
 Prior to the Supreme Court's decision in Smith, an inmate's Free Exercise claims were governed by the "reasonableness" test set forth in O'Lone. Under O'Lone, if "a prison regulation impinges on inmates' constitutional rights, [then] the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. at 349, 107 S.Ct. at 2404. Here, the prison has a legitimate penological interest in security, and the prison's regulation prohibiting "contraband" is reasonably related to that interest. In order to maintain prison security, prisons may prevent inmates from possessing unapproved items, including approved items that have been altered from the form in which they existed at the time of approval. The prison's general regulation prohibiting inmates from possessing any "contraband" reasonably promotes this security interest.
 
 
 15
 However, the "reasonableness" test set forth in O'Lone has arguably been displaced by the Supreme Court's more recent decision in Employment Division v. Smith, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876. Although Smith did not address the prison context, it did purport to state a general rule governing Free Exercise claims. In Smith, the Supreme Court held that if a law is neutral and of general applicability, then it cannot violate an individual's Free Exercise rights regardless of its reasonableness even if it has the incidental effect of burdening the individual's practice of religion. See also Church of Lukumi Babalu Aye v. City of Hialeah, 508 U.S. 520, 531, 113 S.Ct. 2217, 2225-26, 124 L.Ed.2d 472 (1993). The prison's regulation prohibiting all "contraband" is just such a neutral law of general applicability. Therefore, under Smith, the regulation does not violate Brock's Free Exercise rights despite the fact that it might incidentally impair his ability to practice his religion.[3]
 
 
 16
 I would affirm the judgment of the district court.
 
 
 17
 WILKINS, Circuit Judge, concurring in judgment:
 
 
 18
 I agree with Judge Luttig's conclusion that the judgment of the district court in favor of the prison officials should be affirmed. I do so, however, on a different ground.
 
 
 19
 With respect to Brock's claim that the prison officials violated his right to free exercise of religion protected by the First Amendment, the Supreme Court has held that "[i]t is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds." Hernandez v. Commissioner, 490 U.S. 680, 699, 109 S.Ct. 2136, 2148, 104 L.Ed.2d 766 (1989). Therefore, in determining whether the actions complained of burdened the plain tiff's exercise of religion, the inquiry must first focus on "whether the beliefs professed by [the plaintiff] are sincerely held and whether they are, in his own scheme of things, religious." United States v. Seeger, 380 U.S. 163, 185, 85 S.Ct. 850, 863, 13 L.Ed.2d 733 (1965).
 
 
 20
 The only "evidence" properly submitted by Brock in opposition to summary judgment was his verified complaint. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991) (explaining that "a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge"). Brock's verified complaint stated:
 
 
 21
 (1) I bought a pipe on canteen. I extended it in order to make a prayer pipe[.] (2) [I]t was taken as contraband[;] when I explained it, the charges against me were dropped. (3) Both the Lt[.] and the asst[.] warden refuse to let me have it.
 
 
 22
 J.A. 8. The additional materials Brock submitted were not properly considered in opposition to the motion for summary judgment because they amounted only to inadmissible hearsay. See Maryland Highways Contractors Ass'n v. Maryland, 933 F.2d 1246, 1251 (4th Cir.1991) ("[S]everal circuits, including the Fourth Circuit, have stated that hearsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment."). Brock's verified complaint simply is inadequate to permit a rational factfinder to conclude that the confiscation of the pipe foreclosed Brock from engaging in religiously motivated conduct because he held a sincere religious belief that he must use a certain type of prayer pipe in his religious ceremonies. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986) (holding that evidence is insufficient to avoid summary judgment unless it would permit a jury to return a verdict for the nonmoving party). In reaching this conclusion, I do not question the sincerity of Brock's religious beliefs, but merely recognize that the evidence he submitted was insufficient to justify a conclusion that any religious belief or conduct was at issue.
 
 
 23
 A claim under the Religious Freedom Restoration Act fails for the same reason: Brock's evidence is insufficient to permit a rational trier of fact to conclude that the confiscation of his pipe constituted a substantial burden on his exercise of religion. See 42 U.S.C.A. § 2000bb 1 (West 1994) ("Government shall not substantially burden a person's exercise of religion...."). Therefore, I would affirm the district court based on Brock's failure to submit sufficient evidence in opposition to the prison officials' motion for summary judgment.*
 
 
 24
 PHILLIPS, Senior Circuit Judge, concurring and dissenting:
 
 
 25
 I concur in the judgment to the extent it decides that under Employment Division v. Smith, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990), the pro se complaint failed to state a cognizable claim under the Free Exercise Clause. I dissent from the judgment to the extent it rejects a parallel claim under RFRA, either because RFRA was not invoked as a basis for such a claim by the pro se complaint, or because, if RFRA was so invoked, the claim was properly dismissed by summary judgment.
 
 I.
 
 26
 I disagree with the lead opinion's conclusion that the pro se complaint's factual allegations did not require the district court even to address whether they might state a claim under RFRA. My basic reason is simple.
 
 
 27
 If the bald factual allegations of this pro se complaint were sufficient to require the district court to consider sua sponte whether they stated a claim under the Free Exercise Clause--as both the district court and the lead opinion obviously, and rightly, have assumed--they are sufficient to require consideration of that possibility under the parallel, but broader and more protective, provisions of RFRA. The complaint no more expressly invokes the constitutional right than the statutory right as the legal basis for the relief claimed. The one legal theory is no more implicit in the allegations to the trained legal eye than is the other. Both were in existence at the time the district court considered the complaint. Neither required for its recognition a search for obscure legal theories on the uncertain margins of established law; both, equally, leapt from the allegations.
 
 
 28
 As a matter of simple logic and the even handed administration of settled procedural rules to all litigants, this complaint should have been assessed for its sufficiency to state a claim under RFRA. See Muslim v. Frame, 897 F.Supp. 215, 216 (W.D.Pa.1995) (Pollak, J.) (so holding: "RFRA is the law, regardless of whether the parties mention it").
 
 
 29
 As I read the lead opinion, it avoids this result on two grounds. First, that our en banc decision in Cochran v. Morris, 73 F.3d 1310 (4th Cir.1996) (en banc), prevents it, being circuit precedent for the proposition that a district court is under no obligation sua sponte to consider whether such a pro se complaint states a claim under RFRA. But, Cochran holds no such thing. Under the en banc court's assessment of the procedural posture of that case as it reached this court the only question presented was the propriety of the district court's dismissal under 28 U.S.C. § 1915(d) of an inmate's complaint filed and considered by that court before RFRA's enactment. Under those circumstances, this court expressly noted that the question of RFRA's possible application to the case by virtue of the facts pleaded in the inmate's complaint was not before the court. See id. at 1317 & n. 3 ("We do not reach the applicability of RFRA to this claim"). Cochran therefore had nothing to say about the obligation of a district court sua sponte to consider whether factual allegations in a complaint filed after RFRA's enactment might state a claim under that statute.
 
 
 30
 The lead opinion then says that to the extent circuit precedent, specifically that in Gordon v. Leeke, 574 F.2d 1147 (4th Cir.1978) , requires any special solicitude by district courts in divining applicable legal theories in pro se inmate complaints the obligation extends, per Gordon, only to perceiving "constitutional" rights implicit in the allegations. This is unfounded. Gordon 's several references to "constitutional rights" could only have reflected the fact that the civil rights at issue in that case (and in the district court case being quoted in Canty v. City of Richmond, 383 F.Supp. 1396 (E.D.Va.1974)) were constitutional rights. But, the right of action conferred by 42 U.S.C. § 1983 embraces statutory as well as constitutional civil rights, and the special solicitude enjoined by Gordon clearly extends to statutorily as well as constitutionally-based civil rights.
 
 
 31
 In any event, even if such a constitutional right limitation were thought to exist, it surely would not bar consideration of the right created by RFRA which, however viewed, (a matter pending consideration in City of Boerne ) avowedly derives directly from the constitutional right guaranteed by the Free Exercise Clause.
 
 
 32
 The lead opinion's position is not only illogical and not compelled by circuit precedent, it is at odds with the considered judgment and experience of district courts in the proper handling of pro se inmate complaints. In consequence, it yields a perverse practical result. The complaint at issue here is one that faithfully followed the mandate of the applicable local rule of the district court which was to "tell your story briefly without citing cases or law" in a form complaint supplied by the court. See J.A. 8. Such complaint forms and local rules directing their required use by inmates are widely utilized in the district courts and have "proved extremely helpful ... in clarifying pleadings often almost hopelessly confused and unintelligible." Serna v. O'Donnell, 70 F.R.D. 618, 620 (W.D.Mo.1976); see also Federal Judicial Center, Managing Prisoner Civil Right Litigation 7.81 (1996).
 
 
 33
 As this court recognized in Gordon v. Leeke, there must of course be some limits to a district court's obligation to divine legal theories in pro se prisoner complaints, lest it be required to "become an advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151. But, those limits surely have not been reached in this case. By nonetheless imposing them here, the lead opinion would convert a perfectly rational local rule into a Catch-22 trap for this (and comparably situated) pro se inmate plaintiffs. Had this claimant merely mentioned RFRA, he would have been entitled to have it considered as a possible source of a claimed right; not having mentioned it, as the local rule told him not to, he is not so entitled. That is not right here, and it is not right as a general proposition. We should keep in mind that until the basic pleading and claim interception rules are changed, the bells of procedural precedent toll--or should if we are faithful--for all litigants alike.
 
 II.
 
 34
 I also disagree with the concurring opinion's position that, assuming or conceding that the complaint sufficed to raise and state a RFRA claim, that claim was nevertheless properly dismissed by summary judgment.
 
 
 35
 To show why requires a brief review of the relevant proceedings in the district court. Defendant-appellee's motion for summary judgment urged as its sole ground that Brock's pipe, having been modified, was properly confiscated as contraband under valid prison regulations. J.A. at 116. Her supporting affidavit supports only that ground of defense. J.A. at 122-24. Neither the motion nor the affidavit was addressed to the sincerity or religious nature of Brock's beliefs, whether possession of the pipe in any particular form was central to his beliefs, or whether its confiscation substantially burdened his free exercise of religion. Indeed, the motion on its face gave no indication that it was addressed to a Free Exercise (or RFRA) claim. Neither the motion, nor its supporting affidavit, nor the Roseboro notice based upon them, see J.A. at 126, therefore served to give Brock notice that those issues might, unless specifically controverted by materials other than his verified complaint, provide a basis for rejecting his claim as a matter of law.
 
 
 36
 The district court nevertheless, while properly treating the claim as one invoking a Free Exercise Clause right (though not a right under RFRA), then granted summary judgment on two stated grounds: (1) that "the prison presumably [has] a substantial interest in restricting the length of pipes in the possession of its inmates" and (2) that Brock had "failed to present any facts whatsoever demonstrating a sincere religious belief that would require him to have a 'prayer pipe' in his possession," and even if he had, no facts showing "that possession of a pipe measuring a certain length is essential to the exercise of those beliefs." J.A. at 151 (emphasis supplied).
 
 
 37
 The first ground is flatly unwarranted under established summary judgment law. It is not enough, as was done here, merely to identify a state interest that might support burdening a claimed right, such as the Free Exercise (or RFRA) right here at issue; to support a grant of summary judgment on such a basis, the interest must be identified in a more particularized form related to the right at issue. Caldwell v. Miller, 790 F.2d 589, 598-99 (7th Cir.1986) (holding that merely conclusory assertion by state that security considerations warrant blanket ban on all group religious services does not support grant of summary judgment); Weaver v. Jago, 675 F.2d 116, 119 (6th Cir.1982) (holding that a "state must do more than simply offer conclusory statements that a limitation on religious freedom is required for security, health, or safety" in order to obtain summary judgment).
 
 
 38
 The second ground--the lack of any evidence of a sincere religious belief--was not, as indicated, one asserted in the summary judgment motion, nor noticed to Brock as a possible basis for granting summary judgment. District courts are not strictly bound to specific grounds urged in motions for summary judgment; they may consider others sua sponte, but they should do so only after insuring that the nonmovant has had a fair opportunity to contest the grant on that ground. See generally, 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil § 2719, p. 15 (2d ed.1983). That, of course, was not what happened here. On this record, Brock had no notice that the sincerity of his religious beliefs and the relevance to those beliefs of his possession of the pipe might be seized upon as the basis for granting summary judgment to the appellee. Had he been, it is of course possible that he might have made available for consideration by the court those materials which the concurring opinion correctly points out were not properly before the court under the summary judgment rules. Whether, if considered, they would have precluded the grant of summary judgment on this ground we need not decide. It suffices that they have obvious relevance to the issue, and that there might be still other materials that could be brought to bear once it was known to Brock that they might be needed to forestall summary judgment.
 
 III.
 
 39
 This action could well turn out, if allowed to proceed, to be one without merit under RFRA; RFRA might indeed fall to the pending constitutional challenge in City of Boerne. But the free exercise claim alleged in the action is not one frivolous on its face, given the broad sweep of the constitutional right as even more broadly protected by RFRA. Cf. Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 546-47, 113 S.Ct. 2217, 2233-34, 124 L.Ed.2d 472 (1993) (recognizing ritual animal sacrifice as free exercise right under circumstances of case). No suggestion has been made that it was subject to dismissal as such under 28 U.S.C. § 1915(d). Nor is it precluded by any of the systemic legislative or judicial barriers to inmate suits presently in place. It therefore comes to us as an ordinary civil action to be dealt with under the relevant local and general civil rules as any other. Under those rules, this action should be treated as having alleged a cognizable free exercise claim under RFRA that was not, on the record before the district court, properly dismissed by summary judgment.
 
 
 40
 The proper disposition of the case, accordingly, would be a vacatur of the grant of summary judgment and a remand to the district court for further proceedings on the motion on a reopened record and in light of the views expressed in this opinion. See John Deere Co. v. American Nat. Bank, 809 F.2d 1190 (5th Cir.1987) (remanding for further proceedings where summary judgment improperly granted on grounds not urged in motion). I would so hold, but would instruct in remanding that the district court might, if so disposed, hold further proceedings in abeyance pending the Supreme Court's decision in City of Boerne.
 
 
 
 [1]
 The standard complaint form that the District Court for the Western District of Virginia provided to Brock instructed him to "not give any legal arguments or cite any cases or statutes" in his complaint. J.A. at 8
 
 
 [2]
 President Clinton signed RFRA into law on November 16, 1993, and the district court dismissed Cochran's claim on December 2, 1993
 
 
 [3]
 Brock apparently claims that Carroll also violated his Free Exercise rights by refusing to allow him to purchase a prayer pipe after she confiscated the one that he had made. However, neither this claim nor the facts underlying it appear anywhere in Brock's complaint, but, rather, appear only in the voluminous papers that Brock filed with the district court (in violation of Fed.R.Civ.P. 5) after he filed his complaint. The district court certainly did not err in failing to independently discover this claim among Brock's numerous pleadings. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985) ("Principles requiring generous construction of pro se complaints ... [do not] require ... courts to consider questions never squarely presented to them.")
 
 
 *
 Because the prison officials' motion did not assert the insincerity of Brock's religious beliefs as a reason for summary judgment, Judge Phillips writes that remand is appropriate to permit Brock another opportunity to submit evidence in opposition to summary judgment. I disagree. In order to avoid the entry of summary judgment, Brock was required to demonstrate through "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" that there was a genuine issue of material fact on each element on which he would carry the burden of proof at trial. E.g., Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). Brock simply failed to carry this burden. Moreover, it is clear from the large volume of materials Brock submitted in opposition to the prison officials' motion for summary judgment--some of which are relevant to the question of whether the confiscation of his pipe constituted a substantial burden on conduct motivated by a sincere religious belief--that he intended to submit all the evidence he possessed relating to the confiscation of his pipe. However, Brock did not proffer those materials in a way that permitted the court to consider them for summary judgment purposes. There is no reason to suppose that if Brock had been given specific notice of an additional basis for summary judgment, he would have submitted these, or any other, materials in proper form. Indeed, Brock fails to point to any additional evidence he would have submitted if he had been given specific notice of this argument