**Thomas AXEXANDER and Keith William Deblasio Plaintiff,**

**v.**

**James GILMORE, et al., Defendants.**

**No. CIV.A.3:01–CV–707.**

United States District Court, E.D. Virginia, Richmond Division.

April 30, 2002.

Thomas Alexander, Victoria, VA, pro se.

Keith William Deblasio, Great Cacapon, WV, pro se.

Pamela Anne Sargent, Office of Atty. General of VA, Richmond, VA, for Defendants.

## MEMORANDUM

SPENCER, District Judge.

Thomas Alexander, a Virginia state prisoner, and Keith William DeBlasio, a former Virginia state prisoner, proceeding *pro se* and *in forma pauperis* filed this action claiming a violation of the False Claims Act under 31 U.S.C. § 3729 and their constitutional rights under 42 U.S.C. § 1983. The matter is before the Court on the Defendants'[1] motions to dismiss and preliminary review pursuant to the Prison Litigation Reform Act. *See* 28 U.S.C. §§ 1915(e)(2); 1915A; 42 U.S.C. § 1997e(c). Jurisdiction is appropriate pursuant to 31 U.S.C. §§ 3729–31 and 28 U.S.C. § 1367.

## I. Standard For A Motion To Dismiss

Among other things, the PLRA requires the courts to dismiss any action filed by a prisoner which is (1) frivolous or (2) "which fails to state a claim upon which relief can be granted." 28 U.S.C. §§ 1915(e)(2) and

---

1. Alexander and DeBlasio have named fifteen separate individuals and entities as defendants, including the former governor and the Virginia Department of Corrections.

1915A; 42 U.S.C. § 1997e(c). The second standard is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

Rule 12(b)(6) allows a court to dismiss claims based on dispositive issues of law. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A 12(b)(6) motion cannot be granted as a matter of law unless "it is clear that no relief could be granted under any set of facts that could prove consistent with the allegations." *Id.* The Court presumes all factual allegations in the complaint to be true and accords all reasonable inferences to the non-moving party. 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed.1994). However, the Court is not bound to accept as true "conclusory allegations regarding the legal effect of the facts alleged." *Labram v. Havel,* 43 F.3d 918, 921 (4th Cir.1995). While the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll,* 107 F.3d 241, 243 (4th Cir.1997)(Luttig, J., concurring); *Cochran v. Morris,* 73 F.3d 1310, 1314 (4th Cir.1996)(en banc); *Beaudett v. Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985).

### Summary of Allegations and Claims

In the complaint, the Plaintiffs allege that the Virginia Department of Corrections ("VDOC") receives monies designated under the Violent Offenders Incarceration and Truth–In–Sentencing Incentive Grants ("VOITIG"). 42 U.S.C. §§ 13701 through 13712. In order to receive such grants, the VDOC was required to implement a program of controlled substance testing for the inmates during their periods of incarceration. The controlled substance testing program must be consistent with the guidelines issued by the Attorney General of the United States. The guidelines issued by the Attorney General require the state, *inter alia,* to follow the protocol established by the vendor of the test, to provide confirmation of positive test results, and discard the urine samples in a sanitary manner. On February 10, 1998, the VDOC submitted their procedures for drug testing in order to receive their grants pursuant to VOITIG. Defendants Johnson and Camache signed the submissions on behalf of the VDOC. In their submissions the VDOC represented that (1) it would follow the manufacturer's instructions for any drug testing instruments and (2) for any negative result in would dispose of the urine in the sewer system and place the container in a biohazard bag. The Plaintiffs claim that such representations were false.

First, both Plaintiffs allege that they were ordered to dispose of containers and test materials in office trash receptacles. Second, between December of 1998, the VDOC employed the Syva RapidTest d.a.u.™ The manufacturer's instructions for the Syva RapidTest™ provide "only a preliminary analytical result." A more specific alternative chemical method must be used in order to obtain a confirmed analytical." However, the Defendants refuse to employ confirmation testing consistent with the manufacturer's instructions for positive results. Specifically, on October 23, 1999, Plaintiff Alexander was required to provide a urine sample which was tested with the Syva RapidTest™. The sample tested positive for drugs. Alexander demanded a confirmation test. No confirmation test was ever provided. Alexander was charged and convicted on the institutional offense of being under the influence of drugs or intoxicants. As a result of the charge and conviction, Alexander was placed in segregation, placed in

isolation and forfeited ten days of earned good time credits.

The Plaintiffs contend that they are entitled to relief on the following grounds:

1. The Defendants violated Alexander's rights under the Fifth, Eighth and Fourteenth Amendments by punishing Alexander for being under the influence of drugs without providing Alexander with a confirmation test.

2. The Defendants violated Alexander's right to due process under the Virginia Constitution.

3. The Defendants made false representations to the United States in order to obtain federal monies in violation of the False Claims Act.

### Constitutional Claims

 Alexander claims that the Defendants violated his federal constitutional rights to due process when they revoked his good-time credits for being under the influence of drugs or intoxicants without providing a confirmation drug test. Such a claim is not cognizable under 42 U.S.C. § 1983 until Alexander succeeds in vacating his institutional conviction. *See Edwards v. Balisok,* 520 U.S. 641, 645–47, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Nor does Alexander's placement in segregation or isolation constitute a sufficiently grave deprivation to state a claim for denial of due process or infliction of cruel and unusual punishment. *See In Re Long Term Segregation of Five Percenters,* 174 F.3d 464, 471–73 (4th Cir.1999)(concluding indefinite confinement in segregation did not violate the Eighth Amendment); *Beverati v. Smith,* 120 F.3d 500, 502 (4th Cir.1997)(finding no liberty interest implicated by inmate's placement in segregation). Accordingly, Claim 1 will be dismissed.

### Virginia Constitutional Claims

 Alexander claims that the failure to provide him with a confirmation drug test violated his right to due process guaranteed by the Constitution of the Commonwealth of Virginia. The Defendants asserts such a claim is barred by the relevant statute of limitations which provides that:

No person confined in a state or local correctional facility shall bring or have brought on his behalf any personal action relating to the conditions of his confinement until all available administrative remedies are exhausted. Such action shall be brought by or on behalf of such person within one year after cause of action accrues or within six months after all administrative remedies are exhausted, whichever occurs later.

Va.Code § 8.01–243.2. The incident giving rise to the Alexander's state due process claim occurred on October 23, 1999. Alexander finished pursuing his appeal from his conviction on May 30, 2000. At the latest, Alexander had six months from May 30, 2000, or until November 30, 2000, to file any claim based on a deprivation of his rights under the Constitution of Virginia. Alexander did not file the present complaint until October 22, 2001. Hence, Claim 2 is barred by the relevant statute of limitations and will be dismissed.

### False Claims Act

 The False Claims Act ("FCA") permits a private litigant to bring an action on behalf of the government against a "person" who "knowingly presents, or causes to be presented, [to the government] a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(1). States, state agencies, and individuals acting in their official capacity are not persons for purposes of the FCA. *See Vermont Agency of Natural Res. v. United States ex rel.*

*Stevens,* 529 U.S. 765, 788, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000); *U.S. ex rel. Gaudineer & Comito, L.L.P. v. Iowa,* 269 F.3d 932, 936 (8th Cir.2001). Accordingly, all FCA claims against the Virginia Department of Corrections, the Commonwealth of Virginia and the employees of Virginia and the VDOC acting in their official capacities must be dismissed.

The Plaintiffs also contend the employees of Virginia and the VDOC are liable under the FCA in their individual capacities. However, "the Supreme Court emphasized that the mere incantation of the term "individual capacity" is not enough to transform an official capacity action into an individual capacity action." *See Lizzi v. Alexander,* 255 F.3d 128, 136–37 (4th Cir.2001)(citing *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 543, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986)). Here, the complaint does not contain any facts that suggest Johnson and Camache, the Defendants who submitted the application for a grant under VOITIG, were acting in anything other than their official capacities. *See United States ex rel Gaudineer & Comito, LLP., v. Iowa,* 269 F.3d 932, 937 (8th Cir.2001)(denying as futile motion to amend complaint to add claim against state official in his individual capacity). There are no allegations that Johnson or Camache, or any of the other defendants, converted funds from VOITIG to their personal use. *See Smith v. United States,* 287 F.2d 299 (5th Cir.1961)(indicating FCA claims against government officials in their personal capacities should rest on allegations of personal gain); *United States ex rel Honeywell, Inc. v. San Francisco Housing Authority,* NO. C99–1936, 2001 WL 793300 at *5 (N.D.Cal.2001)(holding that FCA claims against government officials in their personal capacities must contain allegations of personal gain); *United States ex rel Kinney v. Stoltz,* NO. CIV. 01–1287, 2002 WL 523869 at *7 n. 3

(D.Minn. Apr.05, 2002); *U.S. ex rel. Wilson v. Graham County Soil & Water Conservation Dist.,* NO. 2:01CV19–T, 2002 WL 487162 at *11 (W.D.N.C. Mar.25 2002); *Cf. Lizzi v. Alexander,* 255 F.3d 128, 136–37 (4th Cir.2001)(concluding the state agency was the real party in interest where the actions of the individual defendants were tied inextricably to their official duties). Accordingly, the complaint fails to state a personal capacity FCA claim against any named defendant. Claim 3 and the action will be dismissed.

An appropriate Order shall issue.

### ORDER

In accordance with the accompanying Memorandum, it is hereby ORDERED that:

1. The Plaintiffs' claims are dismissed.

2. The action is dismissed.

3. The Clerk is directed to note the disposition of the action for purposes of the Prison Litigation Reform Act of 1995.

Plaintiffs may appeal the decision of the Court. Should Plaintiffs wish to do so, written notice of appeal must be filed with the Clerk of the Court within thirty (30) days of the date of entry hereof. Failure to file a timely notice of appeal may result in the loss of the right to appeal.

The Clerk is directed to send a copy of the Memorandum and Order to Plaintiffs, counsel of record, and the United States Attorney for this District.

And it is so ORDERED.