**Lynward James DAYE, Jr., Appellant,**

**v.**

**Lee V. BOUNDS, Commissioner, et al., Appellees.**

No. 74–1374.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 1, 1974.

Decided Jan. 16, 1975.

Certiorari Denied June 2, 1975.

See 95 S.Ct. 2404.

Frank R. Edrington, II, Third-year law student, and George K. Walker, Associate Professor of Law, Wake Forest University, Winston-Salem, N. C. [court-appointed counsel] for appellant.

Jacob L. Safron, Asst. Atty. Gen. of N. C. (Robert Morgan, Atty. Gen. of N. C., on brief) for appellees.

Before BOREMAN and BRYAN, Senior Circuit Judges, and WARRINER, District Judge.

BOREMAN, Senior Circuit Judge:

■ This is a civil action, brought in forma pauperis, in which the appellant (hereafter Daye or plaintiff) seeks $10,-000 in punitive and compensatory damages against the State of North Carolina and certain named North Carolina prison officials for an alleged denial of his civil rights under 42 U.S.C. § 1983.[1] The defendants moved to dismiss the action and the district court, by memorandum opinion and order of February 7, 1972, dismissed the complaint. On appeal, this court, by memorandum decision of February 13, 1973, vacated the district court's order and remanded for factual investigation of the allegations in the complaint, indicating that certain allegations, if true, would state a cause of action.

We are in agreement with the conclusion of the district court that the State of North Carolina is not a "person" within the meaning of 42 U.S.C. § 1983. Moye v. Raleigh, 503 F.2d 631 (4 Cir. 1974). Therefore, the State should have been dismissed as a defendant. However, this conclusion is not material here in view of the disposition on other grounds assigned in this opinion.

---

1. 42 U.S.C. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ On May 15, 1973, the district court held an evidentiary hearing pursuant to our remand order. The district court again found the plaintiff's contentions to be without merit and on August 15, 1973, ordered judgment for the defendants. While the motion of the defendants, which the district court sustained, was denominated a motion to dismiss, all the parties proceeded on the basis of a motion for summary judgment at the hearing on remand. They submitted documentary records from penal institutions, affidavits, and a transcribed tape recording, as well as live testimony. For all practical purposes, then, the motion was heard and disposed of as a motion for summary judgment and we treat the order disposing of it as the entry of summary judgment. So regarded, the judgment of the district court is affirmed.

There is yet another reason, to be explicated fully in this and following paragraphs, for sustaining the district court's disposition of this case. On October 4, 1973, the court concluded and stated that this action was frivolous, without merit, and not prosecuted in good faith, while denying leave to plaintiff to appeal the decision of August 15, in forma pauperis. However, we granted plaintiff leave to proceed on appeal a second time in forma pauperis for the limited purpose of determining whether the district court had complied fully with our order of remand. Our review of the proceedings below convinces us that the factual investigation undertaken on remand complies with our previous order, and supports the conclusion, stated on October 4, 1973, that this case is frivolous.

■■ Title 28 U.S.C. § 1915(d) [2] provides that a district court may dismiss an action which has proceeded in forma pauperis "if satisfied that the action is frivolous or malicious." In applying that statute, especially broad discretion has been vested in federal district courts to deny state prisoners the privilege of proceeding in forma pauperis in civil actions against officials of the institution in which they are incarcerated. Shobe v. California, 362 F.2d 545, 546 (9 Cir.), cert. denied, 385 U.S. 887, 87 S.Ct. 185, 17 L.Ed.2d 115 (1966); Conway v. Fugge, 439 F.2d 1397 (9 Cir. 1971). Federal courts must be diligent in acting to prevent state prisoners from calling upon the financial support of the federal government to prosecute frivolous civil suits intended to harass state prison officials.

■ In exercising its discretion a district court may properly consider court records for the purpose of determining whether an action brought in forma pauperis must be dismissed as frivolous. Conway v. Oliver, 429 F.2d 1307, 1308 (9 Cir. 1970). In the instant case, the district court, in its initial order of dismissal, specifically referred to the record of Daye v. Department of Corrections, No. C–242–G–70 (M.D.N.C. Sept. 2, 1971), aff'd mem., No. 72–2019 (4 Cir. Oct. 11, 1973), and Daye v. Rice, No. 2237–Civil (E.D.N.C. Oct. 19, 1969), *both of which contained allegations virtually identical to those presented in this action* and both of which were dismissed as lacking in merit. The court in Daye v. Rice concluded that "[p]laintiff has clearly viewed the legal process as simply a device or plaything to be used as an instrument for his own entertainment and not as a means of redressing legitimate grievances . . . ." Upon consideration of these two dismissals, the district court concluded that the complaint in the case at bar appeared to be "frivolous and harassing." Thus, the court utilized official records of past actions brought by this plaintiff in determining that the allegations were without merit when it *first* considered the instant case.

---

2. 28 U.S.C. § 1915(d) provides:

"The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, *or if satisfied that the action is frivolous or malicious.*" (Emphasis supplied.)

We remanded that initial disposition because we were of the opinion that the allegations if proved would state a cause of action and that a summary dismissal was inappropriate. At that time it was unclear from the record whether the examination of the allegations by the district court was sufficient to support the finding that the case was frivolous. The district court held the evidentiary hearing as we directed for the purpose of determining whether the allegations in the complaint had a factual basis or were merely a continuation of the series of meritless allegations presented in the previous actions filed by Daye.

 On remand, the district court examined those allegations in some detail. The evidence adduced reveals that Daye's transfer from Caswell Prison to Central Prison was the result of Daye's own request to be sent there for medical treatment and not, as alleged, to punish him for his legal writing. Daye also alleged that his request for transfer from Central Prison after he completed his medical treatment was denied to punish him for his writ writing. The evidence adduced at the hearing, however, convincingly demonstrates that Daye was retained at Central Prison because he had assaulted a fellow inmate at Caswell Prison with a deadly wespon and it was deemed necessary to hold him at Central Prison, a maximum security facility. In view of the flood of legal correspondence conducted by the plaintiff with this court as well as others, his allegation that he was denied use of the mails is patently frivolous. Williams v. Field, 394 F.2d 329, 332 (9 Cir. 1968). These facts, revealed in the proceedings upon remand, when viewed in the light of Daye's prior meritless suits, provide the necessary support for the district court's initial conclusion that these allegations were merely a continuation of the series of meritless charges presented to federal courts by this plaintiff.

We cannot permit Daye or any other state prisoner to engage in a ceaseless barrage of frivolous civil suits at public expense based upon allegations that have been repeatedly found meritless. The district court has examined the merits and has now set forth ample reason for its finding that this case is frivolous. Under these circumstances dismissal pursuant to 28 U.S.C. § 1915(d) is warranted. Duhart v. Carlson, 469 F.2d 471, 473 (10 Cir. 1972). Such dismissal is "in accordance with the public policy embodied in the statute, viz. that, while persons who are unable to pay costs or give security therefor should be allowed to prosecute or defend actions for the protection of their rights without being required to pay costs or give security, they should not be allowed under the cover of the statute to abuse the process of the court by prosecuting suits which are frivolous or malicious." Fletcher v. Young, 222 F.2d 222, 224 (4 Cir. 1955).

Accordingly, the order of the district court terminating this action is affirmed.

Affirmed.