Jimmie Lee SCELLATO, Petitioner,

v.

DEPARTMENT OF CORRECTIONS,
Respondents.

Civ. A. No. 77–0016.

United States District Court,
W. D. Virginia,
Roanoke Division.

Oct. 13, 1977.

Jimmie Lee Scellato, pro se.

John W. MacIlroy, Asst. Atty. Gen., Richmond, Va., for respondents.

MEMORANDUM OPINION and ORDER

TURK, Chief Judge.

Plaintiff, Jimmie Lee Scellato, an inmate at Floyd Correctional Unit # 5 filed this civil rights suit under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) & (4). Defendants have answered and moved for summary judgment with accompanying affidavits. In plaintiff's response to the motion for summary judgment he withdrew several claims made in the complaint and now asserts two grounds for relief: 1) denial of the "bare essentials of . . . minimal human existence" such as toothbrush, toothpaste, comb, or razor, and 2) invalidity of his incarceration due to the Virginia Constitution being illegal.

According to the affidavit of B. C. Counts, the state provides only towels, soap and toilet paper to inmates. Other toiletry items must be purchased or obtained from outside sources. Such practices fall within the internal administration of a state's prisons, into which the federal courts will not intrude unless an unconstitutional deprivation can be shown. A practice may be undesirable and condemned but may still not be so abusive as to violate a constitutional right. *Sweet v. South Carolina Department of Corrections,* 529 F.2d 854 (4th Cir. 1975). Thus, as this limitation cannot be shown to be seriously harmful to plaintiff's health it does not rise to the magnitude of a constitutional deprivation. Summary judgment for defendant on this ground will be granted.

Plaintiff's allegation as to Virginia's method of amending its Constitution will be dismissed as frivolous under 28 U.S.C. § 1915(d). The Fourth Circuit has held that this section gives the federal district courts "especially broad discretion . . . to deny state prisoners the privilege of proceeding *in forma pauperis* in civil actions." *Daye v. Bounds,* 509 F.2d 66, 68 (4th Cir.), *cert. denied,* 421 U.S. 1002, 95 S.Ct. 2404, 44 L.Ed.2d 671 (1975). In finding a claim is frivolous, the court must determine, on a factual and legal basis, if the claim has any arguable merit or realistic chance of success. *Taylor v. Gibson,* 529 F.2d 709 (4th Cir. 1976); *Watson v. Ault,* 525 F.2d 886 (5th Cir. 1976). Finding no discernable impropriety in the Virginia procedures, this claim is dismissed under § 1915(d).