Stanley B. BALLENTINE, Plaintiff,

v.

Jack CRAWFORD, et al., Defendants.

Misc. No. 543.

United States District Court,
N.D. Indiana,
Hammond Division.

May 6, 1983.

**628**

Stanley B. Ballentine, pro se.

No appearance for defendants.

### ORDER

MOODY, District Judge.

The above-entitled cause of action is one of five cases submitted to the court by Petitioner Ballentine within a thirty-day period of time: (1) *Ballentine v. Jack Crawford (Lake County Prosecutor) and James* Clement *(Lake County Superior Court Judge)*, Misc. No. 543 (42 U.S.C. § 1983); (2) *Ballentine v. Chris Anton (Lake County Sheriff)*, Misc. No. 547 (42 U.S.C. § 1983); (3) *Ballentine v. Grant Turner (Lake County Jail Guard)*, Misc. No. 548 (42 U.S.C. § 1983); (4) *Ballentine v. Jack Crawford (Lake County Prosecutor)*, Misc. No. 554 (28 U.S.C. § 2254); and (5) *Ballentine v. James Clement (Lake County Superior Court Judge) and Major Spikes (Lake County Jail Warden)*, Civil No. H83–294 (42 U.S.C. § 1983). In each of these cases the petitioner filed for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pauper status in this case was denied the petitioner on two prior occasions by orders entered on March 20th and April 11th, 1983. On each occasion the petitioner was granted leave to renew his request upon the submission of a properly completed Financial Affidavit and form Complaint. On April 19, 1983 the petitioner submitted his third request for leave to proceed *in forma pauperis* which is now before the court.

■ It is well established in this federal circuit that "a district judge should deny leave to proceed *in forma pauperis* if an action is frivolous or malicious." *Wartman v. Milwaukee County Court*, 510 F.2d 130, 134 (7th Cir.1975). The tests of legal frivolity range from whether "a plaintiff can make a rational argument on the law and facts in support of his claims", *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir.1981); whether "beyond a doubt that the plaintiff can prove no set facts in support of his claim which would entitle him to relief", *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir.1981); whether "it is clear from the face of the pleading that the named defendant is immune from suit on the claims asserted", *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir.1981); to whether " 'beyond doubt' and under any 'arguable' construction, 'both in law and in fact' of the substance of the plaintiff's claim that he would not be entitled to relief", *Boyce v. Alizaduh*, 595 F.2d 948, 952 (4th Cir.1979). Furthermore, a complaint plainly abusive of the judicial

process is properly typed "malicious" within the context of Section 1915(d) which authorizes immediate dismissal of the same. A complaint that merely repeats pending or previously litigated claims may be considered abusive and a court may look to its own records to determine whether a pleading repeats prior claims. *Crisafi*, 655 F.2d at 1309.

In this case the petitioner has brought claims against defendants who are immune from damage suits in Section 1983 actions when acting within the course and scope of their official duties—a judge and a prosecutor. Additionally, the petitioner's prayer and claim for relief in the form of "release from Lake County Jail" has already been presented in his *habeas corpus* petition filed pursuant to 28 U.S.C. § 2254, which remains pending in this division as Misc. No. 554—apparently awaiting payment by the petitioner of the $5.00 Clerk's filing fee. Thus, the petitioner's complaint being found to be both frivolous and an abuse of judicial process, the court now

ORDERS that the petitioner's request to proceed *in forma pauperis* be DENIED and the complaint DISMISSED pursuant to 28 U.S.C. § 1915(d).