**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CURTIS HOLT, JR.,
<u>Plaintiff-Appellant,</u>

v.

MEDICAL COLLEGE OF VIRGINIA/
VIRGINIA COMMONWEALTH
UNIVERSITY; JOHN DOE, Individually
and in his official capacity as
Professor; JANE DOE, Individually
and in her official capacity as
Professor; BOARD OF VISITORS,
VIRGINIA COMMONWEALTH UNIVERSITY
(VCU), Individually and in their
official capacity as members of the
Board of Visitors; EUGENE TRANI,
Individually and in his official

capacity as President MCV/VCU;
GAYLEN BRADLEY; MARGARET BIBER,
Individually and in her official
capacity as Chairperson Department
of Physiology; PHYLISS PETRIE,
Individually and in her official
capacity as Auditor for VCU;
RICHARD BUNCE, Individually and in
his official capacity as Executive
Director of Internal Audit and
Management Services for VCU;
MOHAMMED KALIMI, Individually and
in his official capacity as Professor;
JAMES POLAND, Individually and in
his official capacity as Director
Graduate Programs and Professor;

No. 95-2009

LINDA COREY, Individually and in her official capacity as Convenor, MCV Graduate Committee; RAPHAEL WITORSCHE, Individually and in his official capacity as Professor; CAPTAIN PALUMBO, Individually and in his official capacity as Captain VCU Campus Police Department; ROBERT MCNAMARA, Individually and in his official capacity as Detective Richmond City Narcotics; CHARLES WATLINGTON, Individually and in his official capacity as Professor; JENNIFER STEWART, Individually and in her official capacity as Professor, <u>Defendants-Appellees.</u>

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, District Judge. (CA-94-361)

Submitted: October 31, 1995

Decided: March 25, 1996

Before WILKINSON, Chief Judge, and WILKINS and NIEMEYER, Circuit Judges.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

2

**COUNSEL**

Curtis Holt, Jr., Appellant Pro Se. Jean Freeman Reed, David Lee Ross, VIRGINIA COMMONWEALTH UNIVERSITY, Richmond, Virginia; Calvin Tabor Cronk, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Curtis Holt, Jr., appeals from district court orders dismissing his 42 U.S.C.A. §§ 1981, 1983, 1985 (West 1994) claims. We affirm with one modification.

Holt brought several claims in his complaint (adjudicated by an interim order) and his second amended complaint (adjudicated by the district court's final order). He raises several issues on appeal; in addition to addressing Holt's claims on appeal, we have reviewed the record for other issues and have found no other nonfrivolous grounds for appeal.

The underlying facts in this case involve the involuntary termination of Holt's pursuit of a doctoral degree and his subsequent imprisonment that occurred during and as a result of academic problems and criminal charges of embezzlement and drug distribution. Holt's § 1983 action was directed at school professors who cooperated in the investigation of Holt, the Richmond officer in charge of the investigation, and the state university and its officers. The complaints included counts of malicious prosecution, conspiracy to violate Fourth Amendment rights, breach of contract, and other counts.

Holt first complains that he did not receive proper notice of a hearing on defense motions for protective orders. Holt confuses the notice

3

required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), and Eastern District of Virginia Rule 11(M) promulgated pursuant to <u>Roseboro</u> with the notice required to advise a party of a motion hearing. Holt conceded that he received notice of a hearing on the pre-trial motions. His citation to E.D. Va. R. 11(M) is off the mark. It does not apply to such hearings. Further, while Holt also alleges that he read the notice to state an indefinite date for the hearing, it did state a definite date for the hearing and simply left the time indefinite, as such notices do because of the nature of motion hearings. Thus, we find no error in the notice given. Further, even were there error in the notice, there was no harm to Holt. The district court did not hear argument during the hearing, and, rather than deciding the motions presented for the hearing, the district court simply announced its findings regarding a ripe motion to dismiss. Holt suffered nothing adverse by not being present at the hearing.

Holt next complains that the interim district court order was improper because it was sua sponte. The record clearly refutes this assertion. The court and Holt received a defense motion to dismiss the complaint, Holt responded, there was a reply, and Holt submitted a surreply. The motion to dismiss was ripe, and Holt has no basis on which to allege the order was procedurally improper.

Holt further complains that the dismissal order was substantively improper with regard to the dismissal of a conspiracy claim--alleging an agreement to violate Holt's Fourth Amendment rights--and with regard to the dismissal of a malicious prosecution claim. We find the dismissal order supported by the record but modify the dismissal of the conspiracy claim to one without prejudice. Holt's allegations that a university professor and a department chair conspired with a local police officer to search and seize property illegally are conclusory and insufficient to state claims for relief under § 1983 or § 1985(3). <u>Phillips v. Mashburn</u>, 746 F.2d 782, 785 (11th Cir. 1984); <u>see also</u> <u>Simmons v. Poe</u>, 47 F.3d 1370, 1377 (4th Cir. 1995). However, the claim should have been dismissed without prejudice. <u>Phillips</u>, 746 F.2d at 785. Thus, we so modify the dismissal order.

Holt's claim of malicious prosecution was also properly dismissed. He alleged no more than a due process claim in the district court, which is not cognizable on the facts alleged. <u>Albright v. Oliver</u>, ___

4

U.S. ___, ___, 62 U.S.L.W. 4078, 4078-80 (U.S. Jan. 24, 1994) (No. 92-833) (Rehnquist, C.J., plurality opinion); see also, 62 U.S.L.W. at 4082-84 (Kennedy, J., concurring). While he now attempts to raise a Fourth Amendment violation on these facts, this was not presented below and will not be considered here. Albright , 62 U.S.L.W. at 4080. Further, to the extent that the complaint raised a wrongful arrest claim against the police officer, it was frivolous because the arrest was made on a facially valid arrest warrant. Mitchell v. Aluisi, 872 F.2d 577, 579 (4th Cir. 1989).

Thus, we affirm the district court order but modify the dismissal of the conspiracy claim to one without prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED

5