**Robert Lewis CAIN, Plaintiff,**

v.

**COMMONWEALTH OF VIRGINIA[1], et al., Defendants**

**No. CIV. A. 3:96CV991.**

United States District Court, E.D. Virginia, Richmond Division.

Oct. 3, 1997.

---

**1.** Cain voluntarily dismissed all claims against the Commonwealth.

Robert Lewis Cain, State Farm, VA, for Plaintiff.

Jill Theresa Bowers, Office of Atty. Gen., Com. of Virginia, Richmond, VA, for Defendants.

## MEMORANDUM

SPENCER, District Judge.

Robert Lewis Cain, a Virginia state prisoner proceeding *pro se* and in *forma pauperis* brings this 42 U.S.C. § 1983 action. Cain alleges R. Neely Owen, Robert Sykes, and J.A. Crawford, initiated and prosecuted charges against him which they knew were false. Sykes and Crawford have moved to dismiss.[2] Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. SUMMARY OF ALLEGATIONS

On November 1, 1994, Robert Sykes and J.A. Crawford, swore out a warrant against Cain before the Magistrate in Greensville County, Virginia. The warrant states that on September 3, 1994, Cain, "while a prisoner at Greensville Corr. Center knowingly and wilfully inflict[sic] bodily injury to Robert Sykes an employee thereof." On December 29, 1994, Cain was served with the warrant. R. Neely Owen prosecuted the case for the

---

**2.** The motion was converted to one for summary judgment. On August 28, 1997, Cain filed a motion for an extension of time. Cain asserted that he needed additional time to respond to the motion for summary judgment. Then, on September 5, 1997, Cain submitted a motion for summary judgment. Accordingly, the Court will consider Cain's motion for summary judgment in opposition to Sykes' and Crawford's motions to dismiss. However, Cain's behavior does not establish good cause warranting an additional extension of time to file a formal opposition. Additionally, because Sykes' affidavit does not play a role in the Court's disposition of the motion, conversion of the motion to dismiss into one for summary judgment and an of extension time to respond to such a conversion is unnecessary. *See Gasner v. County of Dinwiddie,* 162 F.R.D. 280, 282 (E.D.Va.1995) (court may consider public records referenced in the complaint without converting motion to dismiss to motion for summary judgment).

Commonwealth. On March 17, 1995, the General District Court for the County of Greenville convicted Cain of assault and sentenced him to an 8-month jail term. Cain appealed his conviction to the Circuit Court for the County of Greensville. At the Circuit Court, Gilbert Hudson, another Commonwealth Attorney, moved to nolle prosequi the action. In granting the motion the Circuit Court stated,

> [i]t appearing to the Court that the failure of the former Commonwealth Attorney, R. Neely Owen, to obtain a plea agreement prior to agreeing to have the case reduced to a misdemeanor and tried in General District Court has caused the Commonwealth great inconvenience and expense in transporting witnesses, paying jurors, issuing subpoena, entering transportation orders, etc., and . . . this case be and hereby is Nolle Porsequied.

Circuit Court Order entered December 14, 1995.

Cain alleges Sykes and Crawford initiated and prosecuted charges against him which they knew were false in violation of his Eighth and Fourteenth Amendment rights. Cain's claim against Owen is far from lucid. Cain asserts Owen obtained his March 17, 1995 conviction without due process of law. Specifically, Cain alleges that: at the arraignment, "after the charge against the plaintiff had been reduced to a misdemeanor, plaintiff states that, he was not allowed to plead guilty or not guilty to the charge against him before the Assistant Commonwealth's Attorney, defendant had already obtained a conviction for assault and battery, in violation of the Virginia Code Ann. 18.2–57. . . . Va.Code Ann. 19.2–254." Cain alleges that the prosecution and conviction caused him a great deal of emotional distress. Cain seeks compensatory and punitive damages.

## II. EVALUATION UNDER THE PRISON LITIGATION REFORM ACT(PLRA)

Under the PLRA the Court is required to dismiss an action filed by a prisoner that is "frivolous or malicious", "fails to state a claim upon which relief can be granted", or "seeks monetary relief against a defendant who is immune from such relief". 28 U.S.C. §§ 1915A, 1915(e)(2); *see* 42 U.S.C. § 1997e(c).

### A. Absolute Immunity

█ Generally, prosecutors are absolutely immune from monetary damages for acts taken in "the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial." *Buckley v. Fitzsimmons,* 509 U.S. 259, 269, 113 S.Ct. 2606, 2613, 125 L.Ed.2d 209 (1993). However, prosecutors do not enjoy absolute immunity for "investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution." *Id.* at 273, 113 S.Ct. at 2615. Cain's claim against Owen concerns the manner in which Owen prosecuted the assault charge before the general district court. Owen is entitled to absolute immunity for such conduct. *Id.* at 269, 113 S.Ct. at 2613–14. Accordingly, Cain's claim against Owen will be dismissed. 28 U.S.C. §§ 1915A, 1915(e)(2).

### B. Failure to State a Claim

█ Section 1983, "is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994) (Rehnquist, C.J., plurality opinion). Thus, the first step in any such claim is to identify the specific constitutional right allegedly infringed. *Id.* Cain alleges the defendants' actions violated his rights under the Fifth, Eighth and Fourteenth Amendment.

█ While the Court liberally construes Cain's *pro se* complaint, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), the Court is "under no obligation to *sua sponte* raise and address any and every claim that might arguably be presented by the facts as presented." *Brock v. Carroll,* 107 F.3d 241, 242 (4th Cir.1997) (Luttig, J., concurring) (citing *Cochran v. Morris,* 73 F.3d 1310 (4th Cir.1996) ). Here, Cain has failed to properly identify a constitutional right which was infringed by the defendants' conduct.

*See Albright,* 510 U.S. at 270, 114 S.Ct. at 811.

■ In *Albright,* the plaintiff brought an action for malicious prosecution under § 1983. The Court noted that "the extent to which a claim of malicious prosecution is actionable under § 1983 is one 'on which there is an embarrassing diversity of judicial opinion' " *Id.* at 270 n. 4, 114 S.Ct. at 811 n. 4 (quoting *Albright v. Oliver,* 975 F.2d 343 (7th Cir.1992)). Although the Court's plurality opinion reflects much of the same diversity, a majority of the justices concluded that where the state provides a cause of action for malicious prosecution, the Fourteenth Amendment will "not furnish not constitutional peg on which to hang such a 'tort'." *Albright,* 510 U.S. at 271 n. 4, 114 S.Ct. at 811 n. 4 (Rehnquist, C.J., plurality opinion); 510 U.S. at 285–86, 114 S.Ct. at 819–20 (Kennedy, J., concurring); *see also Holt v. Medical College of Virginia,* No. 95–2009, 1996 WL 132106 (4th Cir. Mar. 25, 1996); *Wilkes v. Young,* 28 F.3d 1362, 1365 (4th Cir.1994), *cert. denied,* 513 U.S. 1151, 115 S.Ct. 1103, 130 L.Ed.2d 1069 (1995). Thus, to the extent § 1983 provides a remedy for wrongful or malicious prosecution, "the plaintiff must allege that he has suffered a deprivation of the liberty interests protected by the Fourth Amendment." *Rhodes v. Smithers,* 939 F.Supp. 1256, 1273 (S.D.W.Va.1995); *Wilkes v. Young,* 28 F.3d at 1365; *see Albright,* 510 U.S. at 274–75, 114 S.Ct. at 813–14 (Rehnquist, C.J., plurality); *Goodwin v. Metts,* 885 F.2d 157, 163 (4th Cir.1989), *cert. denied,* 494 U.S. 1081, 110 S.Ct. 1812, 108 L.Ed.2d 942 (1990); *Amato v. City of Richmond,* 875 F.Supp. 1124, 1147 (E.D.Va.1994). Therefore, Cain has not alleged a viable claim that the defendants violated his rights secured by the Fifth, Eighth and Fourteenth Amendments. And, even if the Court were to assume Cain has raised a claim for a violation of his rights secured by the Fourteenth Amendment, the absence of a cognizable in-

jury and his abuse of the judicial process foreclose relief on such a claim in the present action.

## C. Lack of Injury

■ In *Goodwin v. Metts,* the Fourth Circuit described the injurious consequences that may flow from a wrongful prosecution. Such a prosecution may "seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *Goodwin,* 885 F.2d at 157. Cain was already incarcerated and serving a long prison term when he was charged and convicted of the September 4, 1994 assault. Cain's sentence on the assault was set aside and Cain fails to allege he suffered any loss of liberty because of the assault conviction. Cain's assertion that he suffered a compensable emotional injury is frivolous.

Under the PLRA, "no Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see, Siglar v. Hightower,* 112 F.3d 191, 194 (5th Cir.1997) (finding a sore, bruised ear lasting for three days not a sufficient physical injury to support a claim for emotional or mental suffering under 42 U.S.C. § 1997e(e)). In an attempt to diminish the number of frivolous lawsuits by inmates, "Congress took a page from the common law by limiting claims for mental and emotional injuries, which can easily be feigned or exaggerated, in the absence of physical injury." *Kerr v. Puckett,* 967 F.Supp. 354, 362 (E.D.Wis.1997) (citing *Price v. City of Charlotte,* 93 F.3d 1241, 1250 (4th Cir.1996)). The propriety of such an approach is apparent when one views Cain's current allegations of injury in light of his prior testimony and litigation.[3] *See infra* at 1137–38.

---

3. Cain alleges the whole ordeal "took him totally by surprise, and the 'mental shock' of it, caused the plaintiff a great-deal-of, emotional distress, physically and mentally, at which: the plaintiff stayed depressed and suffered with unbearable headaches so bad, that the plaintiff had to be placed on pain medication as mean to ease his headaches . . . . and that being subject to public embarrassment, and humiliation, increased the pain and suffering." Compl. at 6. In his latest affidavit Cain expands these ailments to include, "unbearable headaches, vision-loss, numbness of arms and legs, joint pains, day in and day out, to bad, that he had to visit the institutional doctor

### D. Maliciousness of the Current Complaint

■ Congress recognized that a litigant "whose filing fees are assumed by the public, unlike a paying litigant lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

It is quite clear that Congress, while intending to extend to poor and meritorious suitors the privilege of having their wrongs redressed without the ordinary burdens of litigation, at the same time intended to safeguard members of the public against an abuse of the privilege by evil-minded persons who might avail themselves of the shield of immunity from costs for the purpose of harassing those with whom they were not in accord, by subjecting them to vexatious and frivolous legal proceedings.

*O'Connell v. Mason*, 132 F. 245, 247 (1st Cir.1904). Thus, the courts are charged with dismissing an action proceeding *in forma pauperis* at any time during the course of the litigation that it becomes clear that the action is frivolous or malicious. 28 U.S.C. §§ 1915A, 1915(e)(2); *see also White v. Gregory*, 1 F.3d 267, 269 (4thCir.1993), *cert. denied*, 510 U.S. 1096, 114 S.Ct. 931, 127 L.Ed.2d 223 (1994). The courts have long recognized that inmate complaints against state officials are a particularly fertile arena for frivolous and malicious litigation. *Daye v. Bounds*, 509 F.2d 66, 68 (4th Cir.) (cautioning the district courts to be particularly "diligent in acting to prevent state prisoners from calling upon the financial support of the federal government to prosecute frivolous civil suits intended to harass state prison officials."), *cert. denied*, 421 U.S. 1002, 95 S.Ct. 2404, 44 L.Ed.2d 671 (1975).

Although there is considerable authority defining frivolous actions "the judiciary has not devoted a commensurate amount of time and attention to the interpretation of what § 1915(d) [now § 1915(e)(2) ] means by the term 'malicious'." *Spencer v. Rhodes*, 656 F.Supp. 458, 460 (E.D.N.C.1987)(Larkins, J.);

*see, Clay v. Yates*, 809 F.Supp. 417, 427 (E.D.Va.1992); *Ballentine v. Crawford*, 563 F.Supp. 627, 629 (N.D.Ind.1983) ("a complaint plainly abusive of the judicial process is properly typed 'malicious' within the context of Section 1915(d)"). Certainly, complaints which merely repeat previously litigated claims may be dismissed as malicious. *Clay*, 809 F.Supp. at 427. However, maliciousness is not confined to such a narrow class of complaints.

■ A litigant may be deemed to act maliciously if his actions "[i]mport a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure, or in reckless disregard of another's rights." BLACK'S LAW DICTIONARY, Special Fifth Ed. at 863 (1981). Therefore, "the court must assess the character of the allegations insofar as they indicate a motive on the part of the plaintiff to merely harass or vex the defendants rather than to seek redress for a legitimate legal claim." *Daves v. Scranton*, 66 F.R.D. 5, 7 (E.D.Pa.1975) dismissing convicted rapist's conspiracy claim against his victim and prosecutors. After reviewing the sparse precedent and the legislative history of § 1915, Judge Larkins concluded:

when there is no recital of credible probative facts that support the allegations that the plaintiff is attempting to make, the Plaintiff sues those involved in securing his incarceration, and the tone of all the Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against the Defendants and not to rectify any wrong done to him, then the suit is a MALICIOUS one.

*Spencer*, 656 F.Supp. at 463–64. Furthermore, in ascertaining whether a particular action is malicious, the Court's review is not limited to the current complaint, but is guided by the plaintiff's past litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316–17 (4th Cir.1996) (en banc). Thus, the Court draws on its previous experience with the litigant in evaluating the character of present the complaint.

at least once a week for pain medication, for stomach cramps, lower back pains, black-outs

... " Such allegations are incredible.

In his present submissions, Cain acknowledges that on September 3, 1994, Officer Sykes was hit with a spray of something so foul that it caused another inmate, who had merely smelled the concoction, to retch. P.'s Mot. Summ. J. Ex. E. The Greensville General District Court evaluated the evidence and found beyond a reasonable doubt that Cain had assaulted Sykes. The conviction was nolle prossed on appeal, not because of lack of evidence or an error of law, not because the Commonwealth was unwilling to absorb the costs Cain now is eager to impose upon the Court and the defendants.

Cain alleges that, although he has assaulted hundreds of correctional officers, Officers Sykes and Crawford, instead filing charges against the responsible inmate, perjured themselves in order to pursue charges against him. Cain offers no credible scenario of facts in support of such a claim. Evaluated against the backdrop of his previous litigation, the Court is convinced that the present action is motivated by a desire to harass his jailors rather than to rectify a wrong. *See Spencer,* 656 F.Supp. at 436–64.

On September 5, 1996, the Court conducted a jury trial on Cain's claim that various correctional officers had used excessive force against his person when he refused to leave his cell. *Cain v. Angelone,* 3:95cv227. During the trial, Cain testified that he maintained a personal vendetta against a Captain Wilmouth. Tr. T. at 31. Cain unrepentantly acknowledged that when the opportunity presented itself, he sprayed Captain Wilmouth with coffee and pudding.[4] *Id.* During cross-examination, Cain was asked if he had received 29 institutional convictions for assault. *Id.* at 39. In response, Cain casually replied,

Ma'am, I've been in the system 27 years. There is a possibility I may have received a thousand assaults, institutional charges. I don't know if it is 29 or 2,000. I wouldn't say until if you have a record 29 assaults, I will admit it is 29. In my 27 years, I have maybe assaulted a thousand staff....

*Id.* at 41.

In recent years, with increasing frequency, Cain has lashed out at his jailors from the courtroom. Cain's has filed 11 § 1983 actions in this Court.[5] Cain also has filed 6 § 1983 actions in the United States District Court for the Western District of Virginia.[6] The surprising frequency with which Cain's actions have proceeded to trial, rather than evincing the merit of his claims, corroborates Judge Larkins' observation "that after enough practice, almost anyone can learn how to get past the pleading stage and further if they are willing to stretch the truth

---

4. The defendants swore that the Cain sprayed Captain Wilmouth with urine and feces.

5. *Cain v. West. et al.,* 3:97cv489(pending); *Cain v. Guillory, et al.,* 3:97cv423 (pending); *Cain v. Edmonson. et al.,* 3:97cv86 (8/8/97, Magistrate Judge recommended dismissing the complaint for failure to state a claim); *Cain v. Barnes, et al.,* 3:96cv197 (dismissed for failure to exhaust administrative remedies); *Cain v. Fontana, et al.,* 3:96cv25 (Cain flooded his cell, slipped and struck his head; the Court granted defendants' motions for summary judgment on Cain's claim that the defendants' delay in rescuing him violated the 8th Amendment); *Cain v. Angelone, et al.,* 3:95cv227 (Cain alleged the defendants used excessive force against his person; the Court granted the defendants' motion for judgment as a matter of law); *Cain v. Bass, et al.,* 3:95cv182 (Cain alleged the defendants used excessive force against his person; after trial, the Court found for the defendants); *Cain v. Mayes, et al.,* 3:94cv318 (Cain alleged the defendant used excessive force against his person; the Court granted defendants' motion for judgment as a matter of law); *Cain v. Guillory, et al.,* 3:94cv14 (dismissed for failure to pay partial filing fee); *Cain v. Rosenthal, et al.,* 3:93cv852 (Cain alleged the defendants wrongfully convicted him of criminal charges, the Court granted the defendants' motions to dismiss) *Cain v. Pugh, et al.,* 2:93cv831 (dismissed for failure to pay partial filing fee); *Cain v. Terry, et al.,* 2:9Ccv152 (Cain alleged that the defendants defamed his character; the Court dismissed the action for failure to state a claim upon which relief could be granted)

6. *Cain v. Miller, et al.,* 97cv304–R (dismissing complaint for failure to state a claim upon which relief can be granted) *Cain v. Swisher, et al.,* 97cv63–R (Cain allege denial of due process and excessive use of force, pending); *Cain v. Marsh, et al,* 96cv1066 (Cain alleges denial of adequate medical care, pending); *Cain v. Augusta County,* 96cv1067 (Cain alleged the defendants violated his rights by securing his door with steel bracket; dismissed without prejudice for failure to exhaust his administrative remedies); *Cain v. Brackman, et al.,* 96cv805–R (Cain alleged excessive use of force; jury found for the defendants); *Cain v. Easterling et al.,* 93cv638 (Cain alleged the defendants used excessive force against his person, jury returned a verdict for the defendants).

**1138**

sufficiently." *Spencer v. Rhodes,* 656 F.Supp. 458, 463 (E.D.N.C.1987).

The present action is the latest in a string of actions where Cain seeks to use the judicial process to further harass his jailors. Cain is an utterly recalcitrant inmate. He revels in creating confrontations with correctional officers. When the correctional officials respond to his disturbance or attack, Cain responds by suing these same officials. The Court is convinced that rather than a legitimate attempt to redress perceived constitutional violations, Cain filed the present action to vex and harass the defendants. Cain may not draw on the financial resources of the Court to support such a complaint.

The action will be dismissed without prejudice. The Clerk is directed to note the disposition of the action pursuant to 28 U.S.C. § 1915(g). Such a dismissal will constitute the fourth action filed by Cain that was dismissed as frivolous, malicious or failure to state a claim upon which relief could be granted. *See also, Cain v. Miller, et al.,* 97cv304–R (W.D.Va. May 28, 1997); *Cain v. Rosenthal, et al.,* 3:93cv852 (E D. Va. Nov. 2, 1994); *Cain v. Terry, et al.,* 2:90cv1532 (E.D.Va. Mar. 22, 1991).