**Marvin SUMNER, Plaintiff,**

v.

**E. Montgomery TUCKER,
et al., Defendants.**

### No. CIV. A. 3:97cv854.

United States District Court,
E.D. Virginia,
Richmond Division.

June 25, 1998.

Marvin Sumner, Haynesville, VA, Pro se.

### MEMORANDUM

RICHARD L. WILLIAMS, District Judge.

Plaintiff, Marvin Sumner, a Virginia state inmate proceeding *pro se* and *in forma pauperis,* brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Pursuant to 28 U.S.C. § 636(b), the action was referred to the Magistrate Judge for initial review. Jur-

isdiction is appropriate pursuant to 28 U.S.C. §§ 1343(a)(3).

## I. PROCEDURAL HISTORY

On April 26, 1996, the President signed into law the Prison Litigation Reform Act of 1995 ("PLRA"). Among other things, the PLRA requires the courts to dismiss any action filed by a prisoner that is factually frivolous or "which fails to state a claim upon which relief can be granted." 28 U.S.C. §§ 1915(e)(2) and 1915A. Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional." *Turner v. United States Navy*, 793 F.Supp. 679, 680 (E.D.Va.1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28, 109 S.Ct. 1827, 1831–33, 104 L.Ed.2d 338 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) allows a court to dismiss claims based on dispositive issues of law. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). A 12(b)(6) motion should be granted "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989) (quoting *Hishon*, 467 U.S. at 73). The Court presumes all factual allegations in the complaint to be true and accords all reasonable inferences to the non-moving party. 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed.1994). However, the Court is not bound to accept as true "conclusory allegations regarding the legal effect of the facts alleged." *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir.1995). Further, the Court will not develop tangential claims when the essence of the complaint concerns another issue. *Beaudett v. Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

### Summary of Allegations and Claims

On March 24, 1998, Sumner's amended complaint was filed and supplanted the original complaint in its entirety. Sumner's amended complaint asserts that the named defendants, all members of the Virginia Parole Board, violated his constitutional rights in connection with the denial of discretionary parole. Sumner seeks monetary damages in the amount of $175,000 per defendant.

Broadly construing Sumner's complaint, he has raised the following claims as grounds for relief:

1. Sumner was denied a fair parole hearing and due process when erroneous information in his file resulted in the denial of parole based on "prior failure(s) on parole." Sumner has been denied parole several times because the defendants erroneously believe that he has violated his parole three times in the past.

2. Sumner's request for reconsideration of his parole denial based on "prior failure(s) on parole" was denied out of bias, and was denied by an unknown board member, John Wade.

3. John Wade denied Sumner the right to appeal his parole board determination out of prejudice.

### Analysis

The Due Process Clause applies when government action deprives an individual of liberty or property. *Board of Regents v. Roth*, 408 U.S. 564, 570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103–04, 60 L.Ed.2d 668 (1979). The United States Supreme Court has held that where a state holds out only the possibility of parole, an inmate has a mere hope that the benefit will be obtained and that hope is not protected by due process. *Id.* at 11 (citing *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538–39, 49 L.Ed.2d 451 (1976)).

The Fourth Circuit has found that Virginia's discretionary parole scheme does not grant a plaintiff a liberty interest. *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir.1991)

(citing *Greenholtz,* 442 U.S. 1; 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)). "Neither the [Virginia] parole statute nor any parole regulation has created a liberty interest in parole sufficient to invoke the due process clause." *James v. Robinson,* 863 F.Supp. 275, 277 (E.D.Va.), *aff'd mem.,* 1994 WL 709646, 45 F.3d 426 (4th Cir.1994). Because an inmate does not have a liberty interest in parole if the scheme is discretionary, he cannot raise a claim of constitutional magnitude in the process or decision that denies him parole. *See Slezak v. Evatt,* 21 F.3d 590 (4th Cir.), *cert. denied,* 513 U.S. 889, 115 S.Ct. 235, 130 L.Ed.2d 158 (1994).

Sumner's allegations that he was deprived of the appropriate procedures in the reconsideration and appeal of his parole denials assert errors in the process which denied him parole. As such, the complaints do not state a claim of constitutional magnitude. *See Dock v. Latimer,* 729 F.2d 1287 (10th Cir.), *cert. denied* 469 U.S. 885, 105 S.Ct. 256, 83 L.Ed.2d 193 (1984) (alleged failure of Chairman of Utah State Board of Pardons to follow procedures set forth in Utah statute and regulations in considering inmate's parole eligibility did not violate inmate's rights to due process of law under Federal Constitution); *Shirley v. Chestnut,* 603 F.2d 805 (10th Cir. 1979) (in the absence of a protected liberty interest, inmates not entitled to published criteria for parole release, access to adverse material in inmate's files, or written reasons for the denial of parole). Further, Sumner's allegations that he was denied reconsideration and appeal out of bias and prejudice must be dismissed as vague and conclusory. Sumner's complaint is devoid of any evidence to support his allegations of bias and prejudice. Accordingly, it is RECOMMENDED that Claims One and Two be DISMISSED.

Finally, inmates may not invoke section 1983 as a basis to attack the validity of materials considered in determining whether they should be released on parole. *James,* 863 F.Supp. at 278. If Sumner wishes to challenge material in his file, he may do so through the Inmate Grievance Procedure, DOP 10–2 (1993). *See* DOP 804 § VII–G.

In those rare instances where admittedly false material is intentionally used to inhibit parole, federal jurisdiction might be asserted to prevent arbitrary and capricious action. *James,* 863 F.Supp. at 278 (citing *Monroe v. Thigpen,* 932 F.2d 1437, 1442 (11th Cir.1991)). However, there is no indication in the present action that the defendants intentionally used admittedly false material to deny Sumner parole. In fact, the letter sent to Sumner from the Parole Board informing him of his parole denial, and submitted with Sumner's amended complaint, does not give "prior failure(s) on parole" as the sole grounds for the parole denial. Rather, the letter from the Parole Board, dated February 6, 1998, states that Sumner was denied parole based on his prior failures under community supervision, his unlikeliness to comply with the conditions of parole, his serious disregard for property rights, and his prior offense history indicates a disregard for the law. Accordingly, even if the information concerning prior failures on parole was erroneous, ample additional grounds existed upon which Sumner's parole was justifiably denied.

Sumner has failed to establish that the Defendants violated his due process rights in denying him parole. Accordingly, it is RECOMMENDED that this action be DISMISSED.

Report and Recommendation entered May 18, 1998. Sumner was advised that he could file objections or an amended complaint within ten days of the date of entry thereof. Sumner has not filed objections, nor has he moved to amend his complaint. Rather, Sumner has moved to voluntarily dismiss the action without prejudice pursuant to Fed. R.Civ.P. 41(a).

## II. *VOLUNTARY DISMISSAL*

■ The Federal Rules of Civil Procedure provide "subject to ... any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) ... at any time before service by the adverse party of an answer or a motion for summary judg-

ment ... (ii) ... Unless otherwise stated ... the dismissal is without prejudice ...." Fed.R.Civ.P. 41(a)(1)(i, ii). Thus, while Sumner enjoys a right to voluntarily dismiss the present action, that right is subject to the provisions of the Prison Litigation Reform Act ("Act").

 In passing the Act Congress "was obviously concerned that the limited resources of the federal judiciary not be expended on cases whose frivolity was manifest, but whose sheer numerosity represented a formidable and time consuming task." *Roller v. Gunn,* 107 F.3d 227, 230 (4th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 192, 139 L.Ed.2d 130 (1997). In light of the purposes of the Act and the procedure afforded him in this case, Sumner's dismissal at this late date does not relieve him of the consequences of filing a frivolous action under 28 U.S.C. § 1915(g). Under 28 U.S.C. § 1915(g), an inmate who has filed three actions or appeals, which were dismissed as frivolous, malicious or for failure to state a claim, is prohibited from proceeding without the prepayment of fees unless he alleges that he is in imminent danger of serious physical harm. The three strikes provision is directed at inmates who flood the courts with frivolous and vexatious litigation. Section § 1915(g) absolves the courts of the responsibility and expense of reviewing and serving actions on behalf of litigants who consistently file meritless actions.

The Court has expended significant time and resources reviewing the merits of Sumner's claims in this particular action. Although the Court could summarily dismiss deficient prisoner complaints under the Act, out of fairness to *pro se* inmates, this Court has established a procedure by which the Magistrate Judge initially reviews prisoner complaints. Such a procedure allows the inmate to correct any deficiencies in his complaint and to clarify vague claims that might be mischaracterized by the Court. It would frustrate the purpose of Section 1915(g) if an inmate was allowed to exploit this system by filing a meritless action and waiting until after it was reviewed to move for its dismiss-

al. *Cf. Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 482 (3d Cir.1987)(prior to initiating a lawsuit or filing a paper plaintiff must "stop, think, investigate and research").

### *III. CONCLUSION*

The Court concludes that Sumner is entitled have his action dismissed without prejudice, but he must shoulder the consequences of filing a frivolous action. There being no objections, and upon review of the record and the Magistrate Judge's findings, the Report and Recommendation will be accepted and adopted. The complaint and action will be dismissed without prejudice. The Clerk will be directed to note the disposition of the action for purposes of the Prison Litigation Reform Act of 1995. 28 U.S.C. § 1915(g).

An appropriate Order shall issue.

### ORDER

In accordance with the accompanying Memorandum, it is hereby ORDERED that:

1. The Report and Recommendation is accepted and adopted;

2. The complaint and action are dismissed without prejudice;

3. The Clerk is directed to note the disposition of the action for purposes of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g).

Sumner may appeal the decision of the Court. Should he wish to do so, written notice of appeal must be filed with the Clerk of the Court within thirty (30) days of the date of entry hereof. Failure to file a timely notice of appeal may result in the loss of the right to appeal.

The Clerk is directed to send a copy of the Order and the accompanying Memorandum to Sumner.

It is so ORDERED.