**Kevin JOHNSON, Plaintiff,**

v.

**G. EDLOW, et al., Defendants.**

**No. Civ.A 98–466–AM.**

United States District Court,
E.D. Virginia,
Alexandria Division.

March 10, 1999.

Mr. Kevin Johnson, Pound, VA, for plaintiff or petitioner.

David E. Boelzner, Wright, Robinson, Osthimer & Tatum, Richmond, VA, Christopher G. Hill, Assistant Attorney General, Richmond, VA, for defendant or respondent.

## ORDER

ELLIS, District Judge.

By Order dated February 18, 1999, and for reasons stated in an accompanying Memorandum Opinion, both of defendants' motions to dismiss, one of which was construed as a motion for summary judgment, were denied. The Court informed both parties that this action, filed *in forma pauperis*, would continue on the Court's active docket. On the same date, plaintiff filed a Motion for Voluntary Dismissal. Plaintiff did not provide an explanation or rationale for the motion. On March 1, 1999, defendants were directed to respond to plaintiff's motion. Defendants have since informed the Court that they do not object to the voluntary dismissal of this action.

■ Plaintiff's motion will be granted and this action dismissed pursuant to Fed. R.Civ.P. 41(a)(2). Rule 41(a)(2) empowers a federal court to dismiss an action at the instance of a plaintiff upon "such terms and conditions as the court deems proper." Plaintiff's motion for voluntary dismissal does not relieve him of the consequences of filing a frivolous or malicious action. *See Sumner v. Tucker,* 9 F.Supp.2d 641, 643 (E.D.Va.1998) (dismissing without prejudice a prisoner's Section 1983 action upon plaintiff's motion for voluntary dismissal, while at the same time disposing of the action as frivolous under 28 U.S.C. § 1915(g) when the Court had expended significant time and resources reviewing plaintiff's claims).[1] In determining the specific terms and conditions of the instant dismissal, provisions of the Prison Litigation Reform Act of 1995 (PLRA), to which this action is subject, must be examined.

The PLRA, which amended 28 U.S.C. § 1915, states that federal courts shall dismiss actions filed *in forma pauperis* if, at any time, the court determines that the action is frivolous, malicious, of fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Congress has recognized that a litigant "whose filing fees are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." *Cain v. Commonwealth of Virginia,* 982 F.Supp. 1132, 1136 (E.D.Va.1997) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

■ Because inmate complaints against state officials are a fertile area for frivolous and malicious litigation, courts must be particularly "diligent in acting to prevent state prisoners from calling upon the financial support of the federal government to prosecute frivolous civil suits intended to harass state prison officials." *Cain,* 982 F.Supp. at 1136 (quoting *Daye v. Bounds,* 509 F.2d 66, 68 (4th Cir.1975)). Federal courts have a responsibility to assess the nature of the allegations presented in a civil action and determine whether the plaintiff's motive is to harass and vex the defendants or to seek redress for a legitimate claim. *Cain,* 982 F.Supp. at 1136 (quotations and citations omitted). A complaint abusive of the judicial process is malicious within the meaning of Section 1915. *Id.* (citing *Ballentine v. Crawford,* 563 F.Supp. 627, 629 (N.D.Ind.1983) (referring to Section 1915(d), now Section 1915(e)(2)). In determining whether an action is malicious, the court must look not only to the complaint before it, but also to the plaintiff's prior litigious conduct. *Cochran v. Morris,* 73 F.3d 1310, 1316–17 (4th Cir.1996) (discussing 28 U.S.C.1915(d), now Section 1915(e)).

Thus, both the procedural history of the instant action and plaintiff's litigious histo-

---

1. The *Sumner* Court explained that, according to its established procedure, a Magistrate Judge initially reviewed all prisoner complaints to enable inmates to correct deficiencies in their complaints and to clarify vague claims. *Sumner,* 9 F.Supp.2d at 644. The Court stated that "[i]t would frustrate the purpose of Section 1915(g) if an inmate was allowed to exploit this system by filing a meritless action and waiting until after it was reviewed to move for its dismissal." *Id.*

ry in this Court are relevant to a determination of whether this action was brought maliciously. Since 1990, plaintiff has filed twenty civil actions in this Court. Only two of those actions, including the instant action, remain active on the Court's docket. A review of the record reveals that none of these actions was resolved in plaintiff's favor.

In addition to the motion considered here, plaintiff has filed a motion for voluntary dismissal in seven of the twenty actions filed in this Court. Each of these motions was granted by the Court.[2] Plaintiff appears to file such motions strategically. He filed four motions for voluntary dismissal in actions in which defendants had already filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Likewise, in this action, plaintiff did not file his motion until all defendants had filed motions to dismiss. At the time plaintiff filed the motion, the Court had already expended significant resources reviewing his claims.

■ Plaintiff has demonstrated a pattern of filing civil actions and thereafter moving the Court to dismiss the actions, often after the Court and defendants have expended considerable time and resources addressing the claims. Thus, it appears that plaintiff brings these actions solely to harass defendants and to occupy the time and resources of defense counsel and the judicial system. The record compels such a conclusion where, as here, plaintiff has not provided any reason for his motion for voluntary dismissal. In light of plaintiff's litigious history in this court and because plaintiff waited until this late stage to file a motion for voluntary dismissal, this action will be dismissed as malicious pursuant to 28 U.S.C. § 1915(e).

In addition, before filing their response regarding plaintiff's motion, defendants filed a Motion for Leave to File Supplemental Affidavit. Because plaintiff's motion for Voluntary Dismissal will be granted, defendants' motion is moot.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion for Voluntary Dismissal is **GRANTED**;

2. This action is **DISMISSED** without prejudice;

3. This action is **DISMISSED** as malicious pursuant to 28 U.S.C.1915(e); and

4. Defendants'. Motion for Leave to File Supplemental Affidavit is **DENIED** as moot.

Should plaintiff wish to appeal, written notice of appeal must be filed with the Clerk of the Court within thirty (30) days of the date of this Order.

■ Plaintiff is advised that the PLRA limits the number of times an inmate may proceed without the payment of filing fees. The PLRA amended 28 U.S.C. § 1915 to add subsection (g), which states, in relevant part:

> In no event shall a prisoner bring a civil action ... proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because this action is dismissed as malicious, it is included as plaintiff's second

**2.** See Johnson v. Harrison, et al., Civil Action No. 98–467 (E.D.Va. Jan. 6, 1999) (unpublished); Johnson v. Fontana, et al., Civil Action No. 97–1668 (E.D.Va. Nov. 24, 1998) (unpublished); Johnson v. Jarvis, et al., Civil Action No. 96–426 (E.D.Va. April 13, 1998) (unpublished); Johnson v. Johnson, et al., Civil Action No. 97–1356 (E.D.Va. Feb. 12, 1998) (unpublished); Johnson v. Taylor, Civil Action No. 96–1177 (E.D.Va. March 10, 1997) (unpublished); Johnson v. Dir., U.S. Food and Drug Admin., Civil Action No. 96–1619 (E.D.Va. Feb. 13, 1997) (unpublished); Johnson v. Guillory, et al., Civil Action No. 93–1371 (E.D.Va. May 7, 1994) (unpublished).

action dismissed on the grounds enunciated in 28 U.S.C. § 1915(g). Plaintiff has already had one action dismissed under this Section. *See Johnson v. Allen, et al.,* Civil Action No. 96–1292 (E.D.Va. Nov. 12, 1996) (unpublished) (dismissing the action as frivolous). Once plaintiff has accumulated three dismissals as indicated above, he will no longer be permitted to proceed *in forma pauperis,* absent exigent circumstances.

The Clerk is DIRECTED to send a copy of this Order to plaintiff and a copy to counsel of record for defendants.