**Calvin SLADE, Plaintiff,**

v.

**HAMPTON ROADS REGIONAL JAIL, Defendant.**

No. 2:04cv55.

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 20, 2004.

---

Calvin Slade, Hampton Roads Regional Jail, Portsmouth, VA, Pro Se.

Office of the Attorney General, Public Safety & Economic Dev. Div., Richmond, VA, Counsel for Defendant.

## OPINION AND DISMISSAL ORDER

REBECCA BEACH SMITH, District Judge.

Plaintiff, a pretrial detainee, brings this *pro se* action pursuant to 42 U.S.C. § 1983, to redress alleged violations of his constitutional rights. Specifically, plaintiff claims that he is being denied equal protection of the law and due process under the Fourteenth Amendment based on the fact that Hampton Roads Regional Jail has implemented the "Prisoner's Keep" provision of Virginia Code § 53.1–131.3. This statute, which went into effect on July 1, 2003, allows all local and regional jails to charge inmates a daily fee, at a rate no greater than $1.00 a day, to help defray the costs of their incarceration. Va.Code Ann. § 53.1–131.3 (Michie Supp.2003).[1] Pursuant to this statutory authority, Hampton Roads Regional Jail implemented a $1.00 fee beginning in November of 2003.

██ Plaintiff's first claim is that the statute itself violates the Equal Protection Clause because convicted inmates incarcerated within the Virginia Department of Corrections ("VDOC") cannot be charged a $1.00 fee under the statute. Second, plaintiff claims an equal protection violation because inmates at other local and regional jails are not being charged a $1.00 fee at this time.[2] Third, plaintiff claims that his Fourteenth Amendment right not to be punished without due process of law is being violated by the $1.00 per day fee. Plaintiff seeks a temporary restraining order directing the Hampton Roads Regional Jail to cease collecting the "Prisoner's Keep" fee and to reimburse all fees collected to date.

Pursuant to 28 U.S.C. § 1915A,[3] the court must engage in a preliminary screen-

---

1. In relevant part, § 53.1–131.3 provides:

    Any sheriff or jail superintendent may establish a program to charge inmates a reasonable fee, not to exceed $1 per day, to defray the costs associated with the prisoner's keep.... Such funds shall be retained in the locality where the funds were collected and shall be used for general jail purposes.

    Va.Code Ann. § 53.1–131.3 (Michie Supp. 2003).

2. At least one other local jail has also instituted a $1.00 per day fee under the statute. *See Waters v. Bass,* —— F.Supp.2d ——, ——, 2004 WL 292109, at *1 (E.D.Va. Feb.12, 2004) (holding, *inter alia,* that implementation of § 53.1–131.3 at the Virginia Beach City Jail did not violate Equal Protection Clause).

3. 1915A. Screening

    (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or

ing of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.A. § 1915A(a) (West Supp.2003). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b) (West Supp.2003).

Based upon careful consideration of plaintiff's pleadings, the court determines that dismissal of this action is appropriate under 28 U.S.C. § 1915A(b)(1), which requires the dismissal of a complaint that fails to state a claim upon which relief can be granted. In reviewing plaintiff's complaint pursuant to the mandated screening process, the court uses the same standard as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Sumner v. Tucker*, 9 F.Supp.2d 641, 642 (E.D.Va.1998). Under that standard, the facts alleged in the complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir.1978). Dismissal under Rule 12(b)(6) for failure to state a claim is inappropriate unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). Further, because *pro se* plaintiff's complaint involves civil rights issues, it should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

Under these standards, plaintiff has failed to state a claim under the Equal Protection Clause. The Fourteenth Amendment provides in part that "no State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause "does not take from the States all power of classification, but keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir.2002) (citation and internal quotations omitted). To state a cognizable claim for denial of equal protection, a plaintiff must allege both disparate impact and discriminatory intent. *See Irby v. State Bd. of Elections*, 889 F.2d 1352 (4th Cir.1989), *cert. denied*, 496 U.S. 906, 110 S.Ct. 2589, 110 L.Ed.2d 270 (1990). Thus, in order to state a claim, a plaintiff claiming violation of the Equal Protection Clause must allege that the state has treated him differently from others with whom he is similarly situated and that this unequal treatment was the result of intentional discrimination.

Plaintiff does not allege that discriminatory intent lies behind his allegedly unequal treatment under the statute or as the statute is being applied. While the failure to allege a necessary element of an equal protection claim would normally be fatal to plaintiff's complaint, a *pro se* complaint involving civil rights issues should be liberally construed. *See Gordon*, 574 F.2d at 1151. Thus, assuming, *arguendo*, that plaintiff could conceivably come forth

---

dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.—As used in this section, the term "prisoner" means any person in-

carcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C.A. § 1915A (West Supp.2003).

with allegations of discriminatory intent, the court will proceed to consider plaintiff's claim for a violation of the Equal Protection Clause based on his allegations of unequal treatment.

Ordinarily, when a state statute, regulation, or policy is challenged under the Equal Protection Clause, unless it involves a fundamental right or a suspect class, it is presumed to be valid and will be sustained "if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Heller v. Doe*, 509 U.S. 312, 319–20, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993); *see Moss v. Clark*, 886 F.2d 686, 690 (4th Cir.1989). Prisoners are not a suspect class, *see Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir.1997), and plaintiff's claim does not involve a fundamental right. *See generally, Washington v. Glucksberg*, 521 U.S. 702, 719–23, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997) (discussing fundamental rights). Therefore, the court must determine only whether the disparate treatment is "reasonably related to legitimate penological interests." *Shaw v. Murphy*, 532 U.S. 223, 225, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001). If it is, the state action does not violate the Equal Protection Clause.

Plaintiff's challenge to the validity of § 53.1–131.3 fails both because the statute does not treat plaintiff differently from other "similarly situated" individuals, and because the statutory classification is rationally related to a legitimate penological interest. Plaintiff challenges the validity of the statute on the basis that it does not permit officials to charge convicted inmates at VDOC facilities up to $1.00 per day. However, as plaintiff indicates, he is awaiting trial. Therefore, he is not "similarly situated" to *convicted* inmates housed within VDOC. *See Strickler v. Waters*, 989 F.2d 1375, 1389 (4th Cir.1993). Like plaintiff, other inmates awaiting trial at other local and regional jails are also potentially

subject to the "Prisoner's Keep" provision of § 53.1–131.3. In other words, plaintiff is not being subject to disparate treatment with respect to those inmates with whom he is similarly situated.

Moreover, even if the court were to find disparate treatment, there is no equal protection violation unless that disparate treatment is not "reasonably related to legitimate penological interests." *Shaw*, 532 U.S. at 225, 121 S.Ct. 1475. The statutory language itself contains a legitimate penological interest—namely, to defray the costs associated with housing inmates. *See* Va.Code Ann. § 53.1–131.3. The Virginia General Assembly can constitutionally make the determination that there is a need to defray costs at local and regional jails that does not exist at facilities maintained by VDOC. Further, the General Assembly can constitutionally determine that not all regional and local jails necessarily must institute a charge of up to $1.00 per day in order to defray costs, and therefore leave the decision whether to charge such a fee up to the individual local and regional facility. Therefore, § 53.1–131.3 does not violate the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff's challenge based on the fact that the Hampton Roads Regional Jail is one of the first jails to implement § 53.1–131.3 fails because the Equal Protection Clause does not prohibit states from treating people located in different geographic areas differently. *See Salsburg v. Maryland*, 346 U.S. 545, 551, 74 S.Ct. 280, 98 L.Ed. 281 (1954). It is axiomatic that the Equal Protection Clause relates to equality between persons rather than consistency across geographic areas. *See id.* The Equal Protection Clause of the Fourteenth Amendment "means that no person or class or persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes *in the same*

*place* and under like circumstances." *Id.* (quoting *Missouri v. Lewis,* 101 U.S. 22, 31 n. 6, 25 L.Ed. 989 (1879)) (emphasis added). All inmates at Hampton Roads Regional Jail must pay the same fee as plaintiff. It is not unconstitutional for the Hampton Roads Regional Jail to exercise the authority conferred on it by the statute, even if other local and regional jails do not exercise such authority, as long as that facility applies the statute equally to all pretrial inmates under its supervision and as long as the selection of inmates for detention at the Hampton Roads facility does not violate the Fourteenth Amendment.

In short, the Virginia statute does not violate equal protection because it applies to all inmates in local and regional jails. The mere fact that not all jails have, as yet, implemented the "Prisoner's Keep" provision, does not create an equal protection violation with respect to plaintiff.

■ Finally, plaintiff's claim that imposition of the daily fee violates plaintiff's Fourteenth Amendment right not to be punished without due process fails because a $1.00 a day fee for the purpose of defraying jail costs is not "punishment" within the meaning of the Fourteenth Amendment. Plaintiff is correct that a pretrial detainee, not yet convicted of a crime, may not be subjected to punishment. *Hill v. Nicodemus,* 979 F.2d 987, 991 (4th Cir. 1992) (citing *City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983)). But clearly, "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile,* 849 F.2d 863, 870 (4th Cir.1988). For the conditions plaintiff cites to amount to punishment, they either must be imposed with an expressed intent to punish or must not be "reasonably related to a legitimate non-punitive governmental objective, in which case an intent to punish may be

inferred." *Id.* In other words, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Bell v. Wolfish,* 441 U.S. 520, 539, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The implementation of a $1.00 per day fee to defray the cost associated with housing an inmate cannot reasonably be considered punishment within the meaning of the Fourteenth Amendment. Reducing the cost of housing an inmate is clearly a legitimate governmental objective. Without more, a fee designed to achieve such a governmental objective is not punishment. *See id.*

In conclusion, the court **FINDS** that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the complaint is hereby **DISMISSED.** Title 28 U.S.C. § 1915(g) prohibits a prisoner from bringing a civil action or appealing a judgment in a civil action under § 1915 if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.A. § 1915(g) (West Supp.2003). The court **CAUTIONS** plaintiff that this action was dismissed by the court for failure to state a claim upon which relief can be granted.

Plaintiff may appeal from this Opinion and Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Opinion and Dismissal Order. If plaintiff wishes to proceed *in forma pauperis* on

appeal, the application to proceed *in forma pauperis* is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to mail a copy of this Opinion and Dismissal Order to plaintiff and to the Office of the Attorney General for the Commonwealth of Virginia.

**IT IS SO ORDERED.**