**Robert Lee DAVIS, Plaintiff,**

v.

**L. STANFORD, et al., Defendants.**

**No. 1:03CV1166 (CMH).**

United States District Court, E.D. Virginia. Alexandria Division.

Oct. 22, 2004.

Robert Lee Davis, Richmond, VA, pro se.

Noelle L. Shaw–Bell, Office of the Attorney General, Richmond, VA, for Defendants.

## MEMORANDUM OPINION

HILTON, District Judge.

Plaintiff Robert Lee Davis ("Davis"), proceeding *pro se*, filed the instant action under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights. Named as defendants are L. Stanford, Medical Administrator; Page True, Warden; Dr. Emran; J. Lewis, Counselor; Prison Health Services; Fred Schilling, Director of Medical Services; and Captain Miller, Building Captain. On August 5, 2004, Defendants True, Lewis, Schilling, and Miller filed a Motion to Dismiss. Davis was given the opportunity to file responsive materials, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975),

and has done so. For the reasons that follow, the Motion to Dismiss filed by Defendants True, Lewis, Schilling, and Miller must be granted. Further, although Defendants Stanford, Emran, and Prison Health Services have not returned the waiver of service of summons, it is clear upon further review of the complaint that the claims against these defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), which allows a court to dismiss claims "as soon as practicable." 28 U.S.C. § 1915A(a).

### I. Background

Davis arrived at Sussex I State Prison on September 24, 2002. During his initial medical examination, he made it known that he suffered from various medical conditions. In December 2002, Davis began suffering from excruciating pain in his lower back. The pain radiated down both his legs and he was unable to walk long distances. On December 20, 2002, Davis submitted a regular grievance stating that he was not receiving adequate medical care for the pain that left him unable to walk more than sixty feet. In this grievance, Davis also requested the renewal of his permit to use a wheelchair to go to the dining hall and visitation. His grievance was returned to him because he had not used the informal process to resolve his complaint.

On January 17, 2003, Davis requested medical attention for his pain. Dr. Emran provided Davis with pain medication, which Davis asserts did little to relieve his pain. Accordingly, on January 19, 2003, Davis sent a request to the Medical Administrator, Defendant Stanford, seeking adequate care for his pain and inability to walk. Davis was immediately seen by Dr. Emran. During this appointment, Dr. Emran gave Davis a wheelchair to go to the dining hall and visitation. On April 24, 2003, Davis submitted an informal com-

plaint arguing that the pain medication he was receiving was inadequate. Davis received a response on May 7, 2003, which stated that he was receiving a combination of pain medications and an anti-inflammatory. On May 9, 2003, Davis filed a regular grievance form submitting that the pain medication he was taking was not relieving his pain. After Davis met with Medical Administrator Stanford, it was determined that his grievance was unfounded as he was receiving pain medication and regular appointments with the doctor. On June 2, 2003, Davis appealed this response, and on June 20, 2003, Health Services Director Schilling concurred that the grievance was unfounded.

In June 2003, Captain Miller requested that Dr. Emran take the wheelchair away from Davis. On July 21, 2003, upon the orders of Defendants Stanford, Emran, and Miller, Sergeant Anderson took the wheelchair from Davis. Nine days later, on July 30, 2003, Davis filed an emergency grievance, stating that he could not walk the distance to the dining hall or to visitation. This grievance was returned to Davis for not meeting the definition of an emergency because Davis was not subject to immediate risk of serious personal injury or irreparable harm. On August 4, 2003, Davis submitted a regular grievance again requesting the use of a wheelchair because he could not walk to the dining hall or to visitation. Once again his grievance was returned for failure to use the informal process to resolve his complaint. On August 21, 2003, Davis submitted a regular grievance stating that he had been deprived of two meals per day because the doctor and medical staff would not give him a wheelchair to go to the dining hall. This grievance was returned to Davis based on the determination that the thirty-day filing period for his grievance had expired. Davis did not file an appeal challenging the intake decisions of any of his returned grievances.

On August 22, 2003, Assistant Warden Trent sent Nurse Harris and Lieutenant Brown to see Davis. They gave Davis a wheelchair to go to the dining hall and for visitation. However, on August 25, 2003, Defendant Lewis took the wheelchair from Davis.

On August 27, 2003, Davis filed the instant action. Davis argues that his constitutional rights were violated when (1) he was denied adequate medical care for rheumatoid arthritis, osteoarthritis, hepatitis C, and degenerative joint disease; (2) excessive force was used to take away his wheelchair that medical had ordered for him; (3) he was unable to get to the dining hall or visitation because he was denied use of a wheelchair; (4) he was subjected to cruel and unusual punishment by Page True because of the prison policy that prohibits inmates from receiving meals in their cell; (5) he was subjected to cruel and unusual punishment by Dr. Emran and L. Stanford because they refused to transfer him to a hospital unit or otherwise permit him to eat in his cell when he could not walk to the dining hall; (6) he was denied adequate medical care when Dr. Emran insinuated that he was delusional and refused to put him on sick call after May 19, 2003; and (7) he was subjected to cruel and unusual punishment because defendants caused him to suffer pain and hunger. On August 5, 2004, Defendants True, Lewis, Schilling, and Miller filed a Motion to Dismiss arguing that this action should be dismissed because Davis failed to exhaust his administrative remedies. In their Motion to Dismiss, Defendants True, Lewis, Schilling, and Miller also argue that Davis has failed to state a claim for inadequate medical care. Davis has filed responsive materials.

## II. Exhaustion of Administrative Remedies

In their Motion to Dismiss, Defendants True, Lewis, Schilling, and Miller

argue that this complaint should be dismissed because Davis failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Prior to enactment of the PLRA, inmates filing § 1983 actions challenging the conditions of their confinement were required to exhaust their administrative remedies only if those remedies were "plain, speedy, and effective" and "in substantial compliance with minimum acceptable standards." 42 U.S.C. § 1997e(a) (1994). In 1996, however, the PLRA amended § 1997e(a) to require that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until *such administrative remedies as are available* are exhausted." 42 U.S.C. § 1997e(a) (1997) (emphasis added). A prisoner must now exhaust all available remedies, even those that neither meet federal standards nor are plain, speedy, or effective. *Porter v. Nussle,* 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (citing *Booth v. Churner,* 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)).

■ In reviewing the 1996 PLRA amendment, this Court has held that the change indicates Congressional intent to make exhaustion of all available administrative remedies mandatory. *See Langford v. Couch,* 50 F.Supp.2d 544, 548 (E.D.Va.1999). Thus, inmates must now exhaust their administrative remedies, even if exhaustion would be futile because these remedies will not provide the relief the inmate seeks. *Id.* at 548–49 (concluding that inmates seeking monetary relief must still exhaust all remedies, even though these do not provide monetary damages).

Davis, as a Virginia inmate, is required to exhaust the claims raised in the instant complaint in accordance with the grievance procedures established by the Virginia Department of Corrections ("VDOC"). In particular, he must comply with VDOC Department Operating Procedure ("DOP") 866, which provides multiple levels of administrative remedies in the form of inmate grievances. Per DOP 866–7.13, an inmate must first attempt to resolve any issues informally. Prison officials must respond to the inmate's complaint within fifteen days of receiving an informal complaint. *See* DOP 866–7.13. After seeking informal resolution, an inmate may file a regular grievance to the warden or superintendent. The grievance must be filed within thirty days of the underlying incident or occurrence. *See* DOP 866–7.14. Depending on the subject of the grievance, up to two additional levels of review by higher authorities within VDOC may be available following the filing of a regular grievance. *See* DOP 866–7.15.

■ In the instant action, with respect to claims (2)-(6), Davis has failed to fully comply with the grievance procedures available to him at Sussex I State Prison. Davis did not file any grievances related to the instant claim (2), in which he asserts that excessive force was used to remove his wheelchair. Likewise, Davis never filed any grievances asserting that Warden True, Dr. Emran, and L. Stanford subjected him to cruel and unusual punishment by not allowing him to eat in his cell or by refusing to transfer him to the hospital unit, which Davis raises herein as claims (4) and (5). Finally, Davis did not pursue any administrative remedies with respect to claim (6), in which he submits that Dr. Emran refused to put him on sick call after May 19, 2003. Thus, as Davis made no attempts to resolve claims (2), (4), (5), or (6) through the prison grievance process, these claims must be dismissed for failure to exhaust.

In claim (3), Davis argues that he was unable to get to the dining hall because he was denied the use of a wheelchair. While Davis filed prison grievances presenting this claim, all of the grievances raising this claim were returned to him for failure to comply with prison grievance procedures.[1] Accordingly, he has not exhausted his administrative remedies as to this claim and claim (3) must be dismissed.

■ In claim (1), Davis argues that he received inadequate medical care for his rheumatoid arthritis, osteoarthritis, hepatitis C, and degenerative joint disease. Davis did not raise this specific claim through the administrative grievance process, however, liberally construed, claim (1) complains of inadequate medical care for the pain Davis suffered as a result of these specific medical conditions. As Davis did raise and exhaust a claim of inadequate medical care for the treatment of his chronic pain, claim (1) will be addressed on the merits.

### III.  Standard of Review

*A.  Motion to Dismiss*

Federal Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A court may dismiss claims based upon dispositive issues of law. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In considering a motion to dismiss, the court presumes that all factual allegations in the complaint are true and accords all reasonable inferences to the non-moving party. 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed.1994). *See also*

*Loe v. Armistead,* 582 F.2d 1291, 1295 (4th Cir.1978), *cert. denied,* 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980). The court will not accept as true "conclusory allegations regarding the legal effect of the facts alleged." *Labram v. Havel,* 43 F.3d 918, 921 (4th Cir.1995). Nor will the court develop tangential claims when the essence of the complaint concerns another issue. *Beaudett v. Hampton,* 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986). However, a *pro se* complaint must not be dismissed under Rule 12(b)(6) for failing to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (internal quotation omitted).

*B.  Screening Pursuant to 28 U.S.C. § 1915A(b)(1)*

Section 1915A provides that "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious or fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915A. Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Sumner v. Tucker,* 9 F.Supp.2d 641, 642 (E.D.Va.1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could

---

1.  On July 30, 2003, Davis filed an emergency grievance raising claim (3), which was returned because the claim did not meet the definition of an emergency. On August 4, 2003, Davis submitted a regular grievance requesting the use of a wheelchair. This was returned because Davis failed to use the informal grievance process to resolve his complaint. Thirty-one days after his wheelchair was removed, Davis once again filed a regular grievance raising claim (3). This grievance was returned based on the expiration of the thirty-day period for filing a grievance. Davis did not appeal any of these intake decisions.

820

be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

## IV. Analysis

■ In claim (1), Davis argues that he received inadequate medical treatment for the pain he suffers due to several medical conditions. In their Motion to Dismiss, Defendants True, Lewis, Schilling, and Miller argue that Davis has failed to state a claim upon which relief can be granted. It is well-settled that prisoners are entitled to reasonable medical care and can sue prison officials under the Eighth Amendment if such care is inadequate. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In order to establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *see also Staples v. Virginia Department of Corrections*, 904 F.Supp. 487, 492 (E.D.Va.1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must demonstrate a sufficiently serious medical need. *See, e.g., Cooper v. Dyke*, 814 F.2d 941, 945 (4th Cir.1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must show deliberate indifference to that serious medical need.

■ For this second, subjective prong, an assertion of mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. *Estelle*, 429 U.S. at 106, 97 S.Ct. 285; *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). A pris-

oner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir.1975) (per curiam); *Harris v. Murray*, 761 F.Supp. 409, 414 (E.D.Va.1990). Further, "[a] complaint that a physician has been negligent in diagnosing...a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851. However, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* (citations omitted).

■ Assuming arguendo that Davis's pain constitutes a sufficiently serious medical need, Davis has failed to allege that defendants were deliberately indifferent to his medical needs. After submitting a request for medical attention on January 17, 2003, Dr. Emran immediately provided Davis with pain medication. Two days later, Davis requested additional medical attention because he was still suffering from pain despite the medication. Once again, Davis was immediately seen by Dr. Emran. At this appointment, Dr. Emran gave Davis a wheelchair to go to the dining hall and visitation. Davis continued to receive pain and anti-inflammatory medication, however, he still suffered some pain. Although Davis may have continued to suffer from pain caused by his chronic medical conditions, the fact that (1) he was seen by medical immediately after submitting requests; (2) prison medical staff attempted to relieve his pain with various medications; and (3) he received a wheel-

chair to use for more than six months demonstrates that defendants were not indifferent to his medical needs. Accordingly, Davis has failed to state a claim upon which relief can be granted. Thus, Defendants' Motion to Dismiss must be granted and Defendants Stanford, Emran, and Prison Health Services must be dismissed pursuant to 28 U.S.C. § 1915A.

## V.  Conclusion

For the reasons stated above, Defendants' Motion to Dismiss must be granted and Defendants Stanford, Emran, and Prison Health Services must be dismissed pursuant to 28 U.S.C. § 1915A.  An appropriate Order shall issue.